## ELLIS JOHNSON v. MARY A. JOHNSON.

### (Case No. 1914)

1. VERBAL PARTITION—ESTOPPEL.—A father made a verbal gift to his two sons of a one hundred and sixty acre tract of land and an adjacent forty acre tract, the two hundred acres to be divided equally between the donees as they might agree. By mutual agreement, plaintiff (one of the sons) took the forty acre tract and sixty acres off the north end of the one hundred and sixty acre piece, defendant's husband (the other son) taking one hundred acres off the south end of same. The division line was agreed upon, marked and fenced, and each put improvements on his part. The father afterwards gave plaintiff a deed to the north half of the one hundred and sixty acres, thus giving him about twenty acres claimed by defendant. *Held:*

    (1) That the verbal partition was valid.    (Following Shannon v. Taylor, 16 Tex., 413; Stuart v. Baker, 17 Tex., 417; Houston v. Sneed, 15 Tex., 307, etc.)

    (2) Since the father seemed indifferent as to what particular part of the land each son should take, the verbal partition agreed upon prior to the time the father made the deeds was as binding as though the two sons had held the entire land as tenants in common by perfect title. (Huffman v. Cartwright, 44 Tex., 296.)

    (3) The subsequent conveyance gave the power to carry out the verbal partition, not the right to disaffirm it.

    (4) The fact that defendant, after the death of her husband, accepted a deed from the father to the south half of the one hundred and sixty acre tract did not deprive her of any right acquired by her husband under the partition.

2. CHARGE.—See statement of facts for charge held to be erroneous.

APPEAL from Hopkins. Tried below before the Hon. E. W. Terhune, special judge.

This was an action of trespass to try title, brought in the District Court of Hopkins county by appellant against appellee, to recover eighty acres of land, the north half of a 160 acre tract deeded by Silas Garvin to Alexander Johnson.

Defendant answered, first by plea of not guilty, and, by amended original answer, filed August 30, pleaded general denial, not guilty, and by special answer set up that in 1874, Alexander Johnson, the father of plaintiff and also William Johnson, defendant's deceased husband, made a verbal gift of said 160 acres of land and also 40 acres of timbered land, lying adjacent thereto, to plaintiff and William Johnson, and by the terms of the gift, said 200 acres of land was to be divided equally by and between the donees, as they might afterwards agree. That in March, 1875, William Johnson and plaintiff, by mutual agreement, divided the 200 acres of land, plaintiff taking the 40 acres of timber and 60 acres off the north end of the 160 acre tract, and William Johnson taking 100 acres off the south end of the 160 acre tract; and that William Johnson and plaintiff agreed upon a division line, and marked the same, and established a fence upon such division line, and acted upon the agreement by using and improving their respective portions. That the deed from Alexander Johnson to plaintiff, conveying to him the north half of the 160 acres, was made without the consent or knowledge of defendant and in fraud of her rights, as it embraced the land in controversy in this suit, to wit—21 acres; and defendant disclaimed as to the balance of land described in plaintiff's petition. Both plaintiff and defendant claimed title from Alexander Johnson.

The cause was tried by a jury, who found for the defendant, and judgment was rendered in her favor.

The first charge asked by plaintiff, and refused, was as follows: "If the jury believe from the evidence, that after executing the deed in evidence to plaintiff, Alexander Johnson and his wife conveyed to defendant by deed the south half of the 160 acre tract of land described in the evidence, which south half does not include the land in controversy, and defendant knowing this fact, accepted such deed, you should find for the plaintiff the land in controversy."

*John W. Cranford*, for appellant.

*J. K. Milam*, for appellee, cited: Willis *v.* Mathews, 46 Tex., 478; McArthur *v.* Henry, 35 Tex., 801; Floyd *v.* Rice, 28 Tex., 341; Browning *v.* Atkinson, 46 Tex., 606.

STAYTON, ASSOCIATE JUSTICE.—It is well settled in this state that a verbal partition of land is valid. Shannon *v.* Taylor, 16 Tex., 413; Stuart *v.* Baker, 17 Tex., 417; Houston *v.* Sneed, 15 Tex, 307; Huffman *v.* Cartwright, 44 Tex., 296.

The deeds made to the respective parties by Alexander Johnson were not the sole foundation of their rights.

His former promise to convey to his two sons, in connection with their acts done upon the faith of his promises, might be made the basis of the right of the two sons to the land.

It is evident that Alexander Johnson was indifferent as to what particular part of the land either son should have ; and we are of the opinion that the verbal partition made between them, prior to the time Alexander Johnson made his deeds, was as binding as though the two sons had held the entire land as tenants in common by perfect title, and that their acts bind their several interests in the land, although the same were not perfected by deed until subsequent to the partition.   Huffman v. Cartwright, 44 Tex., 301.

As was said in the case just cited, the subsequent conveyance to Ellis Johnson would only put it in his power to discharge his obligation to William Johnson under their verbal partition, and would give him no right to disaffirm it.

The fact that Mrs. Johnson received a deed for the south half of the one hundred and sixty acre tract, after the residue of the land had been conveyed to Ellis Johnson, could not prevent the enforcement of any right which her husband had acquired by contract with him ; and especially so, as she only took a life-estate in the land, with remainder to the children of William Johnson.

The court did not err in refusing to give the charges asked by the plaintiff, for one was erroneous and the other was contained substantially in the charge given, in so far as it was proper under the case made by the evidence.

The evidence was somewhat conflicting, but it cannot be said that the verdict was not in accordance with the preponderance of the evidence.

AFFIRMED.

[Opinion delivered November 24, 1885.]