SAMUEL SAMUELSON ET AL. V. S. F. BRIDGES ET AL.

No. 180.

1. **Execution Sale — Satisfaction of Judgment.** —When land is sold under execution and bid in by plaintiff's attorney for himself, the bid is not complied with, and the land again sold, and by the sheriff deeded to another person, *Held*, these facts do not show a satisfaction of the judgment, but entitle the execution to a credit of the amount paid by the last purchaser.

2. **Separate Property.**—See opinion for facts sufficient to show the land in controversy was the separate property of the wife, and not liable to execution. Fisk v. Flores, 43 Texas, 340; Ames v. Hubby, 49 Texas, 710.

3. **Parol Gift of Land.**—A parol gift of land followed by an entry thereon by the donee, who makes valuable improvements thereon on the faith of it, is valid.

4. **Outstanding Title—Evidence.**—Appellants offered certain deeds for the sole purpose of discrediting certain witnesses. After the court has passed on the credibility of the witnesses, the deeds can not be used to show title in another, or for any purpose other than for what they were introduced.

APPEAL from Mason. Tried below before Hon. W. M. ALLISON.

*Rector, Thomson & Rector*, for appellants.—1. The evidence not only failed to show that the judgment on which execution issued in this case had been satisfied by a sale under a prior execution, but it showed conclusively that it was a valid judgment and had not been satisfied. Cornelius v. Buford, 28 Texas, 202; Cavanaugh v. Paterson, 47 Texas, 204.

2. A parol gift or sale of land is invalid unless the donee or grantee has taken possession and put valuable improvements on said land on the faith of said gift or sale; and such verbal gift or sale can not prevail against the title of one holding a subsequent valid written conveyance, unless at the time said written conveyance was executed the party holding under parol gift or sale had taken possession of the premises and made valuable improvements thereon. Rev. Stats., arts. 548, 2464, subdiv. 4; Ann Berta Lodge v. Leverton, 42 Texas, 241; Ward v. Stuart, 66 Texas, 333; Murphy v. Still, 43 Texas, 123; Jones v. Carver, 59 Texas, 293.

*Marshall Fulton* and *Sidon Harris*, for appellees.—1. The sale under the former execution satisfied the judgment, and no new execution could be taken out under the judgment. Trapnall v. Richardson, 58 Am. Dec., 338; White v. Graves, 15 Texas, 186; Townsend v. Smith, 20 Texas, 466; Freem. on Ex., sec. 282; Freem. on Judg., sec. 474.

2. The evidence showed a valid gift of land sought to be sold. Title to real estate passes by gift, though not in writing. Parker v. Railway, 71 Texas, 132; Wooldridge v. Hancock, 70 Texas, 21; Willis v. Matthews, 46 Texas, 478; Curtin v. Hendrix, 35 Texas, 225.

JAMES, CHIEF JUSTICE.—The suit was brought by S. F. Bridges and Mary Bridges, his wife, to enjoin a sheriff's sale under execution of a portion of block number 1, in the town of Mason, Texas. There was upon the block a hotel and appurtenant buildings, and various separate dwelling houses, etc. It is conceded by appellant that the hotel building, yard, garden, and livery stable were of a homestead character, and these were excepted from the levy. The court concluded that the property levied on was not homestead, but that it was the separate property of the wife, and perpetuated the injunction. Certain other issues were raised and disposed of as indicated in our conclusions of law.

*Conclusions of Fact.*—1. Bridges and wife moved upon the property in 1871, and have lived there ever since. Bridges finished the hotel and stable and outhouses by 1872, and they have since run the hotel business, except for two years when they had it leased. After 1872, at various times, the other houses were erected, and these were used or rented out for other than homestead purposes.

2. Bridges and his wife in 1868 lived in Ohio, possessed nothing, and were visited by James E. Ranck, a relative, in September of that year, who perceived that Mrs. Bridges was a good cook and housekeeper, and her husband a carpenter, and concluded they would be an acquisition to the new town of Mason, and advised them to move to Texas and settle in Mason, where he stated they could do better.

3. It appears that Bridges was willing to move to Mason, but Mrs. Bridges was not, and was induced to do so by Ranck's promise to give her a lot or tract of land as her separate property, and which could not be taken from her.

4. In December, 1868, and prior to Christmas, he pointed out to Mrs. Bridges the property on which they afterwards settled and built as aforesaid, as her property, and told her he would give her a deed to it as her home, and gave her authority to take possession of it. It was not until 1869 or 1870 that the town of Mason was laid off. In 1871 they entered into possession. The land was about four acres, then worth about $10 an acre.

5. Ranck in 1868 owned an undivided two-thirds and John W. Gamel an undivided one-third of 640 acres, and they had an oral agreement by which Gamel should control the land on the south side of the tract, and Ranck that on the other side (which included the land in controversy), and that they would join each other in making deeds, and that Gamel knew of the disposition Ranck had made of part of the land to Mrs. Bridges, and did not object.

6. On March 15, 1887, Samuel Samuelson et al. (appellants) recovered a judgment against S. F. Bridges in the District Court of Mason County, for $1914 and interest. On August 24, 1887, an execution issued

and was levied on that part of the property including hotel and buildings on Austin Street, which was returned without sale. On October 4, 1887, another execution was issued, and the property advertised and struck off to A. O. Cooley, the attorney for the plaintiffs in execution, for the bid of $1925. Cooley did not comply, but another, one S. B. Capps, bid the sum of $25, and deed was made to him accordingly.

7. On August 8, 1891, the execution now sought to be enjoined was issued and levied on the land in controversy, and omitting the hotel, stable, etc. This levy, it appears, embraced a few buildings on Austin Street included in the previous levy, which it is claimed had by their use ceased to be a part of the homestead. With this exception the first levy was on a different part of the property than the last one.

8. It appears that A. O. Cooley, who was then the attorney for plaintiffs in the execution, who were foreigners, had an understanding with them that he could bid as an individual, and not be required to pay the bid until the money could be realized out of the property so bid in.

9. The defendant read in evidence the following conveyances, *for the express purpose of affecting the credibility of plaintiff and James S. Ranck only:*

A warranty deed from Ranck to Sue R. Bridges, consideration recited $1500, conveying all of Ranck's two-thirds of the survey, excepting 100 acres thereof contracted to Bowser. This deed was dated December 26, 1868, and recorded April 16, 1869.

A warranty deed from Sue R. Bridges, a married woman, for a like consideration, to W. P. Lockhart, for the same land, dated June 5, 1869, and recorded September 30, 1869. This deed was afterwards ratified by J. D. Bridges, the husband of Sue R. Bridges, on August 8, 1889. To this deed Ranck was one of the witnesses.

A warranty deed from W. P. Lockhart and wife to S. F. Bridges, reciting consideration of $3100, conveying the east part block 1, dated October 18, 1878, and recorded June 17, 1879. This consideration was shown not to have been paid, in whole or in part.

A warranty deed from J. D. Bridges and Sue R. Bridges to W. P. Lockhart, made, as stated, to cure and make good all defects in a former deed from Sue R. Bridges to Lockhart, and conveys to Lockhart the same land as in their former deed " *except* that part of block 1 conveyed as above by said Lockhart to S. F. Bridges." This instrument is dated October 28, 1889.

A warranty deed by James E. Ranck and John W. Gamel and wife to George Bowser for 100 acres out of the north part of the survey, dated November 18, 1869.

*Conclusions of Law.*—We approve the first and second conclusions of law arrived at by the district judge. There had been no sale under the pre-

vious executions to the plaintiffs in execution. The land levied on was struck off to their attorney, who had bid for himself, and not for them, and the bid was not carried into effect. The land, it being that portion of block 1 fronting on Austin Street, was then sold by the sheriff and deeded to another person for $25. The legal effect of these facts was not to satisfy the judgment, but to entitle the execution to a credit of $25.

The hotel and its incidents having been excepted from the levy sought to be enjoined, the court was not in error in holding that the averments of homestead concerning the property levied on were not sustained.

The District Court held that the property levied on was the separate property of Mrs. Mary Bridges, and for this reason perpetuated the injunction. This feature of the case requires discussion.

Assuming, for the present, that the evidence was sufficient to sustain a parol grant of the land from Ranck to Mary Bridges, does the evidence show that the land so granted would have become her separate property? From the testimony of Mr. and Mrs. Bridges and Ranck, it appears that no inducement was offered to or was necessary to be offered Bridges to move from Ohio to the town of Mason, but Mrs. Bridges was unwilling to move and separate herself from her relatives; that this personal sacrifice on her part, if it may be so called, was obtained by the promise of Ranck to give her in her own right a lot or tract of land at Mason. We do not see any of the elements of purchase in this transaction. After moving to and settling in Mason, they had no such claim on Ranck for any specific land that they or either of them could have enforced. We therefore conclude, that under the authorities here given, that any land conveyed to Mrs. Bridges in pursuance of the promise he had made her would be her separate property. Fisk v. Flores, 43 Texas, 340; Ames v. Hubby, 49 Texas, 710.

It is now well settled, that a parol gift of land followed by an entry thereon by the donee, who makes valuable improvements thereon on the faith of it, is valid. Wooters v. Hale, 19 S. W. Rep., 134, and cases cited.

In the present case Ranck, shortly after Bridges and wife moved to Mason, and during an absence of the husband, pointed out the property, which they afterwards extensively improved, to the wife as her property, and told her he would give her a deed to it, and authorized her to take possession of it. They afterwards entered upon it and occupied it, and improved it as shown in the record, without molestation from Ranck or any one else, until this judgment was obtained against the husband. These general facts appear to satisfy all the requirements essential to the completeness and validity of the gift to the wife.

There are facts developed in the record which deserve to be considered as having a tendency to detract from the validity of the gift. It is

shown that possession did not immediately follow the act of Ranck in designating the property as the subject of his donation. It was not until 1871 that Bridges and his wife actually moved upon the land. In the meantime, on December 26, 1868, Ranck executed a deed to his two-thirds of the survey (being all his estate therein) to one Sue R. Bridges, a different person from Mary Bridges, the plaintiff. The question arises whether or not this act of Ranck in parting with all his title in the property before the gift was made complete by the taking possession of and improving the property by the intended donee, was a revocation of the gift, and rendered the same incapable of further completion.

This deed and other deeds following it were introduced by the appellants for the limited purpose of discrediting the testimony of Ranck and Mr. and Mrs. Bridges touching the alleged gift. It would seem that after the trial court has passed upon the credibility of these witnesses in favor of their statements in this matter, the deeds have served the purpose for which they were offered, and it is doubtful if appellants can here insist on their being considered for a different purpose in their favor than that for which they were used on the trial. But we do not consider that these conveyances, when viewed in the light of the other facts in the case, have any effect against the force of the gift.

What relationship there was between Sue R. Bridges and Mary Bridges and husband, is not shown; nor is it shown directly that there was any privity between Sue R. Bridges and Mary Bridges and her husband in reference to the deed to the former. This was evidently a subject that the parties, for some reason, saw fit to avoid.

We are impressed with some of the facts that appear in this connection, and these are: that the deed from Ranck to Sue R. Bridges was made on December 26, 1868, immediately upon Ranck designating the property he intended for Mary Bridges; that the title of Sue R. Bridges has never been asserted against the possession of Mary Bridges and husband, notwithstanding such possession has been visible and notorious, and coupled with large investments in improvements from time to time during their possession; and that in a subsequent deed from Sue R. Bridges and her husband to W. P. Lockhart, as late as October 28, 1889, the property so possessed and improved was excepted as that that had been conveyed by Lockhart to S. F. Bridges. We conclude, under these circumstances, that it fairly appears that the deed from Ranck to Sue R. Bridges was not hostile to any title which existed in Mary Bridges or her husband for such land, and hence that the act of Ranck in making the deed to Sue R. Bridges did not contravene or impair the effect of the gift.

We are of opinion, also, that appellants were not in a position to defeat the rights of Mary Bridges by showing an outstanding superior title

to the property in question in a third party.   The issue to be tried and determined was, was the right in the property as between the husband and wife vested in the latter?   It was not essential that the title by which they held possession of the property should be a perfect title.   They had been there since 1871, and if they did not have the legal title to the land, strong equities had certainly accrued to them by reason of their acts of ownership; and if this right or equity is the separate property of the wife, she was entitled to the relief she asked against the creditors of her husband.

It does not appear from the deeds introduced by appellants that the land had ever been conveyed to the husband.   It is shown that Sue R. Bridges, on June 5, 1869, conveyed what had been deeded to her by Ranck to W. P. Lockhart, and afterwards, on October 18, 1878, Lockhart conveyed to the husband, S. F. Bridges, the land in question.   But Sue R. Bridges was a feme covert when she made the deed to Lockhart, and thus no title passed by these conveyances to S. F. Bridges.

The title shown in appellees to the property was that which came from Ranck to Mrs. Bridges by virtue of the gift, and as between the husband and wife the land was the wife's; and although the improvements placed upon it were the result of their joint efforts, they took the character of the realty, and were likewise her separate property, and not subject to levy for the debts of the husband.   Rice v. Rice, 21 Texas, 58;  Furrh v. Winston, 66 Texas, 524.

It is contended by appellants that it was not shown that Ranck had title to the land.   According to our view of this case, the particular title of Ranck was not a material issue.  · Suppose the sale had not been enjoined, and the purchaser had brought suit against Bridges and wife to try title and for possession, would not all parties have held under Ranck as the common source?   Injunctions are allowed by our practice to guard the rights of the wife against an attempted sale of the homestead or her separate property for the debts of her husband, and she may undoubtedly in such suit prove any title which would have been available to her afterwards in a suit with the purchaser at sheriff's sale.

It is true that the evidence showed that Ranck had only a two-thirds undivided interest in the land.   But it was shown that he had an arrangement with his cotenant, Gamel, by which he was to control the portion of the tract which embraced the land in controversy, and Gamel the other portion, and for the making of joint deeds; also, that Gamel was cognizant of the disposition Ranck made of the land to Mrs. Bridges, and did not object, nor has he to this day made known any objection.   It also appears that Ranck contracted 100 acres of the land to one Bowser, and Gamel joined him in the deed.   That a parol partition can be made is well established, and the facts of this case are sufficient to show such a partition between

Gamel and Ranck, at least so far as the property involved here is concerned.   Wardlow v. Miller, 69 Texas, 399; Johnson v. Johnson, 65 Texas, 87.

We are of opinion that the judgment should be affirmed.

*Affirmed.*