W. Andrus, Executor, etc., v. Nancy Randon.

1. The case of Crawford v. Bender, 33 Texas, 745, cited as settling the effect of the constitutional suspension of the statutes of limitation from 1861 to the approval by Congress of the present Constitution of the State, March 30, 1870.

2. On the 21st of May, 1861, R. and his wife, with a trustee for the latter, entered into written articles of separation, and by which a division of their principal community property was also made, with a covenant on the part of R. that he would divide the live stock and " all other community property, when requested." In 1865 R. procured a decree of divorce. On the twelfth of October, 1868, R. being then dead, his divorced wife sued his executor for her portion of the community funds on hand at the date of the separation, and also joined as defendants the commission merchants in whose hands such funds were alleged to be. At the date of the separation there were more than $20,000 community funds in the merchants' hands, but before R. died, he drew out all but some $1500. The plaintiff recovered judgment against the merchants for all of the latter sum, and against the executor for half of the balance of the funds on hand at the date of the separation. *Held*, that the plaintiff was not barred by limitation, nor was there error in adjudging to her the entire sum remaining in the hands of the merchants, there appearing to be no debts outstanding against the community.

Appeal. from Fort Bend. Tried below before the Hon. S. C. Barden.

The opinion of the court states the main facts. Randon obtained

a decree of divorce from the plaintiff, in the month of January, 1865.

*Gustave Cook*, for the appellant.—1. The claim sued on by appellee was barred by limitation of two years at the time of the institution of suit in the district court, and at date of presentation to the executor. It cannot be denied that the dissolution of the marriage between appellee and David Randon, in January, 1865, gave to appellee all the rights and powers of a *feme sole* to sue for and recover any and all property to which she became entitled upon the dissolution of the marital partnership, and also devolved upon her the duties and liabilities as well. Now, it is apparent that, upon the dissolution of the marriage in 1865, appellee acquired the right to sue, and with it the corresponding liability to limitation. It is further apparent that this suit was instituted on the twelfth day of October, A. D. 1868, a lapse of three years and nine months after the accrual of the right to sue. But suppose that the statutes of limitation were dormant until the second of September, 1866, when they were set in operation by the ordinance of the Convention, and other constituted authorities, still two years, one month and ten days had elapsed, and the claim was as effectually barred as if twenty years had passed.

The statute of two years is insisted upon, because this was as any other claim for money or personal property, and was supported by no promise in writing, or otherwise than the implied promise in law, nor by any trust or other thing whatever, as is apparent from the face of the affidavit of authentication accompanying the claim. The right of appellee to recover was precisely the right of any other partner upon the dissolution of partnership and division of assets. The court will also observe that the presentation to the executor was on the tenth of October, A. D. 1868.

2. It is insisted that the judgment of the district court is mani-

festly and fatally defective also, in this, that appellee recovers against R. & D. G. Mills the whole of the money in their hands, while the very evidence by which she proves her right to any portion of it establishes that one-half of that fund belonged to the estate of David Randon, deceased, which no court had authority to take out of the control of the executor of D. Randon. If appellee had any right at all it was to a common interest with D. Randon's executor. Now, this is apparent for these reasons : the district court did not and could not know, because there was neither allegation nor proof on the subject, whether the estate of D. Randon was solvent or insolvent. If the estate was insolvent, then the preferred claims as enumerated in the statute were first to be paid, and how could the court know whether there was or not other money or property with which to pay them? How could the court know that all the debts of community were paid ?

*Ballinger, Jack & Mott*, for the appellee.—I. We think there is but one point in the case, viz : whether the plaintiff's cause of action was barred by limitation. It was not, because it was founded on the writing signed by the parties May 1, 1861. The parties had the capacity and the right, at that date, to settle and determine, as between themselves, their respective rights and interests in their community property and to release and convey to each other. This they did, by agreeing to a certain division of their slaves, and to divide their plantation in a particular manner, also upon certain other particular provisions as to certain items of property, and then to divide equally all the other community property. This fixed their rights in accordance with that agreement.

The parties might have made any other agreement in good faith, and it would have been legal and effectual. They might have divided the plantation and slaves in a different manner or proportion. They might have agreed that all the cattle should be the

property of one, and all the horses the property of the other; or they might have agreed that the community property, which they then held, or any specific portions of it, should belong two-thirds to one party and one-third to the other, or in any other proportion they chose to adopt.

Such an agreement, freely and fairly made, in good faith, for what they recognized as a valuable consideration, or for the consideration of love and effection, would have been valid, and sustained by the courts of this State.    The effect of this deed of May 1, 1861, was to divide, and make separate property the then community property of these parties, and to put upon record this division.    No rights of creditors, purchasers, or third parties are involved, or in any manner affected.    The agreement was legal and proper, and will be enforced; and the action of the plaintiff in the court below was founded upon it; not upon community rights at the date of divorce, but upon the agreement and division voluntarily and *bona fide* made between the parties themselves of what was community property in May, 1861.

The charge of the judge was in strict accordance with the facts and law of the case.    The proof was positive and unquestioned that in May, 1861, these parties had on deposit with R. & D. G. Mills, the sum of $21,831 12, which was community property. They agreed by their solemn deed to the equal division of all the community property; her cause of action for her share of the same was rightly sustained, and enforced in accordance with the testimony and law, and with the manifest justice of the case.

Should any doubt exist as to the effect of limitation at the time of this trial, none can exist now under the provision of the Constitution suspending the statutes of limitation, which has been sustained by this court, at its present term.

The court will apply the law here, as it must necessarily be applied by the court below, if the case were there on trial.    To reverse the case on the ground that the court below erroneously

construed the statute on the trial, when it is declared that the same court, on another trial, must adopt the same exact construction, would be vain and frivolous.

II. The appellant makes the point in his brief that the judgment for the full amount in the hands of R. and D. G. Mills, in favor of Mrs. Randon, was erroneous, because, as he argues, the estate of D. Randon might have been insolvent, or required this fund for payment of claims superior to Mrs. Randon's.

The first reply to this is, that there was no such answer or issue in the case. No such defense was made in the court below; no word of testimony intimates the fact to be true; and no such issue can be raised, much less the presumption of fact indulged in its favor, for the first time in this court.

But the recovery was clearly proper. Under the agreement, the funds in the hands of R. and D. G. Mills became the joint and equal property of David Randon and Nancy Randon, each entitled to one-half. David Randon drew not only his half, but fourteen-fifteenths of the entire fund. The balance in Mills's hands was not assets of Randon's estate. It belonged to Mrs. Randon, and she was entitled to recover it directly from the holders, and not through the medium of Randon's executor. There is no question in the case as to the rights of other creditors. None are pleaded or proved. It is a merely gratuitous suggestion.

WALKER, J.—On the twenty-first day of May, 1861, David Randon and his wife, Nancy Randon, with B. F. Terry as her trustee, entered into written articles of separation, by the terms of which a division of their community property was agreed upon between them; and wherein, after agreeing upon the disposition to be made of certain lands, slaves and other property, it is agreed as follows:

"The party of the first part (David Randon) covenants and agrees with the party of the second and third part, that he will

divide the cattle, horses, mules, hogs, stock, wagons, carts, farming utensils, and all other community property, when requested."

Under this agreement it is admitted by both parties that all the property had been divided, except money which was in the hands of R. & D. G. Mills at the date of the deed of separation.

It is also admitted by the parties in their statement of facts, that at the time of the commencement of this suit, there was in the hands of R. & D. G. Mills the sum of $1519 47; and it was proven upon the trial that there was in the hands of R. & D. G. Mills, to the credit of David Randon, the sum of $21,831 12, at the date of the contract of separation, and that this sum was principally realized from the sales of cotton raised on David Randon's plantation in Fort Bend county, and sold by the house of Mills as commission merchants, previous to May, 1861.

It was also in proof that at the date of the institution of this suit, the balance of said sum, above the $1519 47, had been drawn by David Randon after the execution of the deed of separation, and before the commencement of this suit.

The verdict of the jury was as follows: "We, the jury, find for the plaintiff against the defendant Andrus, as executor of the estate of D. Randon, deceased, $16,114 97 debt, and interest to date; also $1519 47, with interest to date, yet in R. & D. G. Mills' hands, against said defendants R. & D. G. Mills, John R. Mills & J. W. Jockush, with costs of suit;" upon which verdict the court rendered judgment against the respective parties for the several sums so found by the jury.

There are two questions presented for our consideration. First, was the claim of Mrs. Randon barred by the statutes of limitation?

This question is settled in Crawford v. Bender, decided at the present term.

Again, was the judgment against R. & D. G. Mills erroneous or not.

There appears to have been no objection made in the court

below to the proceeding against these parties. It was not shown that the funds in their hands were necessary for the payment of debts, or any claim superior to the claim of Mrs. Randon. Such claims, indeed, must of necessity have been supported by strong equities to defeat her right to this small balance in the hands of R. & D. G. Mills, which was all that was left to her out of the $21,831 12 in their hands at the date of the contract of separation.

We think there was no error in the judgment, and it is affirmed.

Affirmed.