## Y. T. Manning et al. v. S. L. Green et al.

Decided June 26, 1909.

**1.—Subrogation—Lien—Advance to Pay Lien Creditor—Equity.**

Where one advances money to pay off a note secured by a vendor's lien, equity will subrogate him to the rights of the lien creditor as effectually as if he had become the assignee of the purchase money notes.

**2.—Same—Transfer of Note.**

Where a bank held a vendor's lien notes for collection, and, at the request of the maker, third parties borrowed money from the bank to pay the note, attaching the note to their own note as collateral, and the bank immediately forwarded the money so borrowed to the owner in satisfaction of the note, who accepted the money and thereafter confirmed the action of all parties, the transaction was in effect a transfer of the vendor's lien note to such parties which carried with it the lien.

**3.—Same—Equity.**

Where third parties, at the request of the maker of a vendor's lien note who was in possession of and claiming the property for which it was given, furnished money to take up and pay off the note with an express understanding between the maker and the bank having the note for collection that they were to become the owners of the note and be subrogated to all the rights of the owner of the note, equity, without regard to whether the transaction be considered as a transfer of the note or a payment of it, preserved the lien in favor of such third parties; and it was immaterial whether a subsequent purchaser of the land or the owner of the note knew of such arrangement or consented thereto.

**4.—Res Adjudicata.**

A former judgment is only conclusive of such matters as were essential to be determined before the judgment could be rendered.

**5.—Same.**

It is a general rule that the former judgment or litigation relied on as having adjudicated the matter and as a bar to further proceedings should have involved and determined the same vital issue, or that such issue or question should have been fairly within the scope of the pleadings. The matter in issue is that upon which the plaintiff's cause of action is based, and which the defendant denies by his pleading.

**6.—Same—Trespass to Try Title—Issues.**

Where the junior lien holder became the purchaser at the foreclosure sale under his deed of trust and brought an action of trespass to try title, setting out his title under the trust deed, and making the debtor, who was in possession, and the holder of the prior lien parties, and such prior lien holder disclaimed, and judgment was for plaintiff as prayed for, the issues of possession and title were the issues raised and adjudicated, and the judgment was not conclusive of the right of the prior lien holder to sell the land under an order of sale under a judgment subsequently obtained against the debtor foreclosing his prior lien.

**7.—Same.**

A judgment in an action of trespass to try title in favor of defendant who set up title under a purchase at foreclosure sale under his trust deed, was not conclusive of the right of the plaintiff therein, who became subrogated to a lien prior to that through which the defendant asserted title, to subject the land to the payment of such prior lien and sell it under an order of sale on a judgment against the debtor foreclosing such lien, though the subrogation occurred before the judgment in the trespass to try title suit was rendered.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Thompson & Mead*, for appellants.—In order that one having no interest to protect, who pays the debt of another, or advances money for that purpose, may be entitled to succeed to the rights and remedies of the creditor in respect to the debt so paid, there must be a convention or agreement to that effect. This convention or agreement may be made with either the debtor or creditor at the time or prior to such payment, but can not be made afterwards; but if made with the debtor who has parted with title to the security held, it can not give the person so paying any claim to such security as against a subsequent lienholder who has become the owner of the equity of redemption without such owners' sanction.

When a stranger pays the debt of another, which debt is secured by a vendor's lien on land not owned by such debtor at the time, in order to be subrogated to the rights of the holder of such vendor's lien such payment must be made with the knowledge and consent, either of the holder of the lien or the owner of the land, and in the absence of such consent the original debt will be satisfied by such payment, and the vendor's lien will be released. Any judgment by agreement subsequently rendered upon such note foreclosing such lien, to be valid, must be rendered with the intelligent consent of all parties concerned.

On the question of the authority of the Greenville National Bank to transfer said note we submit the following: Rodgers v. Bass, 46 Texas, 505; Hardesty v. Newby, 75 Am. Dec., 137; Smith v. Johnson, 71 Mo., 382; Goodfellow v. Landis, 36 Mo., 168; 1 Am. & Eng. Ency. of Law, 1030; Mechem on Agency, sec. 383.

On the question of the subrogation of Walter Pierce, W. R. and Tom Roach to the rights of B. H. Zauk as the holder of said note, we submit the following authorities: Terry v. O'Neal, 71 Texas, 596; Brick v. Buel, 73 Texas, 511; Fievel v. Zuber, 67 Texas, 275; Gillum v. Collier, 53 Texas, 592; Halbert v. Paddleford, 33 S. W., 592; Smith v. Morrison, 29 S. W., 1116; Sheldon on Subrogation, secs. 2, 3, 240; 27 Am. & Eng. Ency. of Law, 216, 231, 237, 247, 250, 255; Wilkins v. Gibson, 84 Am. St. Rep., 204.

The rule is well settled that a judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to the matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein. This rule is applied both at law and in equity. Rev. Civ. Stats. 1895, art. 5275; Flippen v. Dixon, 83 Texas, 421; Tadlock v. Eccles, 20 Texas, 782; Freeman v. McAninch, 87 Texas, 132; Foster v. Wells, 4 Texas, 104; Girardin v. Dean, 49 Texas, 244; Lee v. Kingsbury, 13 Texas, 68; Andrews v. Key, 77 Texas, 35; Nichols v. Dibrell, 61 Texas, 539; Rogers v. Houston, 94 Texas, 403; Moor v. Moor, 71 S. W., 794; Cook v. Burnley, 45 Texas, 97; O'Connor v. Lucio, 14 Texas Civ. App., 682; Cooper v. Mayfield, 94 Texas, 107; Cromwell v. County of Sac, 94 U. S., 351; 24 Am. & Eng. Ency. of Law, 765; id., 781; Freeman on Judgments, secs. 249, 272, 332.

*J. T. Jones*, for appellees.

BOOKHOUT, Associate Justice.—This suit was brought by appellants, Y. T. Manning and the First National Bank of Leonard, against appellees, S. L. Green, Walter Pierce, D. L. Hemsell, sheriff, B. H. Zauk and J. P. Pierce, and the issues as made by the pleadings of the parties respectively are as follows, substantially: The plaintiffs alleged that appellant Y. T. Manning holds in trust for the use and benefit of appellant, First National Bank of Leonard, 75 acres of land in Hunt County, Texas, of the William Aiken survey, fully describing said lands by metes and bounds. That on the 3d day of April, 1908, an order of sale was issued by the clerk of the District Court of Hunt County in cause No. 5882, B. H. Zauk v. J. P. Pierce, directing and authorizing the sale of the above-described land in order to satisfy a judgment rendered in said cause for the sum of eight hundred and eighteen dollars, together with interest and costs, and that D. L. Hemsell, sheriff, pursuant to said order of sale, had levied upon and had advertised for sale the above-described land, said sale to be made at the courthouse door in Greenville on Tuesday, May 5, 1908.

Plaintiffs alleged that said judgment had been fully satisfied, and that it could not support and justify said order of sale for the following reasons:

1. That at the time said judgment was rendered it was for a balance claimed to be due upon a certain promissory note given by defendant, J. P. Pierce, in favor of B. F. Pierce, and which note had been transferred by said B. F. Pierce to defendant, B. H. Zauk, said note bearing date October 1, 1889, and due January 1, 1895, and being for the sum of one thousand dollars, and which note was given for a part of the purchase money for the above-described land.

That prior to the date of the rendition of said judgment, and during the pendency of the suit in which same was rendered, to wit, on the 4th day of February, 1907, the defendant, Walter Pierce, together with W. R. Roach and Tom Roach, paid to the Greenville National Bank, which bank held the above-described note for collection, the sum of money due upon said note, which sum of money was thereafter paid over to the said B. H. Zauk. That the said payment made by the said defendant, Walter Pierce, W. R. Roach and Tom Roach, was entirely voluntary on their part, and there was no agreement or understanding at the time between said last-named parties and said B. H. Zauk, or with the plaintiff, the First National Bank, who was the legal owner of said land at said time, for any transfer of said note, or that they, the said Walter Pierce, W. R. Roach and Tom Roach, should succeed to the rights and benefits belonging to the said B. H. Zauk, as the owner and payee of said note, but that the said act of said Walter Pierce, W. R. Roach and Tom Roach, in paying off said note was wholly voluntary, and was at the time without the knowledge of either the said B. H. Zauk or the plaintiff, the First National Bank. That the act of the said Walter Pierce, W. R. Roach and Tom Roach, was at the instance and request of J. P. Pierce, the father of said Walter Pierce, and the father-in-law of said W. R. Roach and Tom Roach, and that he, the said J. P. Pierce, at said time had no title or interest in the said land, but by this method was seeking to extend his illegal possession of the same.

That at the time the judgment was rendered in said cause No. 5882 above mentioned, plaintiff, the First National Bank, did not know that said note had been paid as above explained, but believed that the same was still held and owned by the said B. H. Zauk. That after said judgment had been obtained, as above explained, the said defendant Walter Pierce, together with W. R. Roach and Tom Roach, applied to the said B. H. Zauk for a transfer of same, and the said Zauk refused to give said transfer unless he was paid the sum of fifty dollars, and which sum was accordingly paid and said transfer executed of date November 29, 1907, whereby the said B. H. Zauk transferred all of his rights by virtue of said judgment to the said Walter Pierce, W. R. Roach and Tom Roach. That on the 7th day of January, 1908, the said W. R. Roach and Tom Roach, by an instrument in writing, transferred their interest in said judgment to the defendant S. L. Green.

2. That on March 13, 1907, a judgment was rendered in the District Court of Hunt County, Sixty-second Judicial District, in cause No. 6329, wherein Walter Pierce, W. R. Roach, Tom Roach and others were plaintiffs, and the First National Bank of Leonard and J. P. Pierce were defendants, it being a suit in trespass to try title, and wherein the said bank, upon its cross-bill set up title to the land hereinabove described, which plea or cross-bill was by said court sustained, and a decree rendered awarding the title and possession to said land to said defendant bank.

3. That on August 13, 1906, the plaintiff, the First National Bank of Leonard, filed suit in trespass to try title in the District Court of Hunt County against Walter Pierce, W. R. Roach, Tom Roach and others as defendants, to recover the land embraced herein and other lands, and by a judgment rendered in said cause on March 3, 1908, said above-described land was awarded to the said First National Bank.

Plaintiffs alleged that by reason of the premises the said judgment in cause No. 5882 was illegally and fraudulently rendered, the said note upon which same was based having been previously paid and satisfied as above explained. That plaintiff bank had no knowledge of the act of said Walter Pierce, W. R. Roach and Tom Roach in paying off and satisfying said note at the time said last-named judgment was rendered, and plaintiffs did not know of such payment until it was too late to appeal from said judgment.

Plaintiffs alleged that defendant S. L. Green purchased an interest in the judgment rendered in said cause No. 5882 during the pendency of said above-mentioned cause No. 6298, and that he is concluded in all of his rights by reason of the judgment rendered in said last-mentioned cause.

That the said judgment rendered in favor of plaintiff, the First National Bank, in said causes Nos. 6298 and 6329 mentioned above, forever concluded and extinguished any and all rights or claims which defendants Walter Pierce, S. L. Green and W. R. Roach and Tom Roach had in way of lien or claim upon the land above described, if any such rights or claims they had, and plaintiffs specially plead said judgments as *res adjudicata* of all matters and things involved in this controversy.

Plaintiffs alleged that they have no adequate remedy at law for their

protection against the injury threatened by said sheriff in the pending sale of their land above described, and that unless sale is restrained they will suffer irreparable injury, and a cloud will be placed upon the title to their land.

Plaintiffs prayed for citation, for injunction restraining defendants from selling said land, and upon final hearing that said judgment in cause No. 5882 be set aside, canceled and held for naught, for perpetual injunction restraining said sale, and for relief, general and special. Temporary injunction was granted as prayed for.

The defendants answered by a general exception, general denial, and defendant Zauk set up a transfer of the judgment in his favor to Walter Pierce, W. R. Roach and Tom Roach. All the defendants answered specially at length in terms which need not be set out. A judgment was rendered for defendants generally dissolving the injunction, and that they go hence and recover of plaintiffs their costs. Plaintiffs excepted and perfected an appeal.

The first assignment assails as error the court's conclusion of law, wherein he held the transaction as to the Zauk note with the Greenville National Bank representing Zauk amounted simply to a transfer of the note to Will Roach, Tom Roach and Walter Pierce which carried with it the vendor's lien. The proposition is presented that, "In order that one having no interest to protect, who pays the debt of another, or advances money for that purpose, may be entitled to succeed to the rights and remedies of the creditor in respect of the debt so paid, there must be a convention or agreement to that effect. This convention or agreement may be made with either the debtor or creditor at the time or prior to such payment, but can not be made afterwards; but if made with the debtor who has parted with title to the security held, it can not give the person so paying any claim to such security as against a subsequent lienholder who has become the owner of the equity of redemption without such owner's sanction."

The cause was tried before the court without a jury and the court filed conclusions of fact wherein he found that B. H. Zauk was the owner and holder of a vendor's lien note given by J. P. Pierce in favor of B. F. Pierce. This note was given for the purchase money of the 75 acres of land, and was recited in the deed to said land made by B. F. Pierce to J. P. Pierce, which deed was of record in the office of the county clerk of Hunt County, and a lien was retained in said note to secure the payment of the same. Zauk sent this note to the Greenville National Bank for collection without his endorsement thereon, and without any other instructions. The First National Bank of Leonard, by a foreclosure of a trust deed executed by J. P. Pierce of subsequent date to the said note, had become the owner of the land for which the note was given. The debt secured by said trust deed amounted to $7,193.21 with interest, and said bank purchased the said land on foreclosure of said trust deed, for which it paid the sum of $5,000, which was credited on its debt. While said note was at said bank for collection, at the request of J. P. Pierce, his son, Walter Pierce, and his sons-in-law, W. R. Roach and Tom Roach, went to the said Greenville National Bank, and on the 4th day of February, 1907, after having an agreement with the said bank and J. P. Pierce, they, the said

Walter Pierce, W. R. Roach and Tom Roach, paid off said Zauk note with money said last-named parties borrowed at the time from said bank, for which money so borrowed they gave said bank their note, and said Zauk note was attached thereto as collateral security.  It was agreed by the said Greenville National Bank and J. P. Pierce and Walter Pierce, W. R. Roach and Tom Roach, at the time that the said three last-named persons were purchasing said note, that they should succeed to all of the rights of B. H. Zauk as the owners and holders of said note.  We do not sustain this contention.  Zauk had sent the note to the bank for collection.  J. P. Pierce, the maker of the note, having requested his son, Walter Pierce, and his sons-in-law, W. R. Roach and Tom Roach, to pay off the note, their act in borrowing the money from the bank on their own note, attaching the Zauk note to their note as collateral security, was in effect a transfer of the Zauk note to Will Roach, Tom Roach and Walter Pierce.  The bank immediately forwarded the money borrowed to Zauk in satisfaction of the note.  He did not at that time transfer the note to Walter Pierce and the Roaches, but he received and accepted the money due on the note, and thereafter fully ratified and confirmed the action of all parties.

Again, the findings of fact show that J. P. Pierce, the maker of the note, was still in possession of the property for which it was given, claiming and using the same as a homestead, and that he remained in possession for something over a year after the transaction at the Greenville National Bank; that at his request Walter Pierce, Will and Tom Roach borrowed the money from said bank to pay Zauk the balance due on the note, and that it was agreed and understood between them all, including the bank which had the note for collection, that Walter Pierce, Will and Tom Roach were to become the owners of the note, and so understanding it they left the note with the bank as collateral to secure the note which they made for the money to pay Zauk with.  That they, Walter Pierce, Will and Tom Roach, did not rely upon J. P. Pierce's credit, but upon the vendor's lien.  That at this time appellant bank had two suits pending against J. P. Pierce for the title and possession of the land.  That by agreement between Zauk's attorney and Walter Pierce and Will and Tom Roach, judgment was rendered in cause No. 5882 in Zauk's name for them, and Zauk afterwards, upon the payment of attorney's fees, transferred the judgment to them.  Where third parties, at the request of the maker of the note, who is yet in possession of the property for which it was given and claiming the same, furnishes money to take up or pay off the note with an express understanding between the maker and the bank having said note for collection, that they are to become the owners of the note and are to become subrogated to all the rights and remedies of the owner of the note, it is immaterial whether the subsequent purchaser of the land or the owner of the note either knew of such arrangement or consented thereto, for if the maker accepts the money on the note he can not be injured, and the owner of the land having bought the same subject to the lien, can not be heard to say that he prefers to have the owner of the note, rather than the third parties, foreclose on same.  Whether the transaction between the third parties, the maker of the note and the bank, be considered a transfer of the

note, carrying with it the lien or a payment of the note, equity, disregarding formalities and technicalities, to do full justice, will preserve the lien in favor of such third parties. In other words, equity will subrogate the lender, who advances money to pay a lien creditor to his rights under the lien as effectually as if he had become the assignee of the purchase-money notes. Hicks v. Morris, 57 Texas, 659; Dillon v. Kauffman & Runge, 58 Texas, 696; Warhmund v. Merritt & Metcalf, 60 Texas, 24; Fears v. Albea, 69 Texas, 437. It is contended that the court erred in his conclusion of law in holding that the judgment entered in cause No. 6329, wherein the First National Bank of Leonard recovered the land involved in this suit as against Will and Tom Roach, Walter Pierce and others, was not conclusive of all their rights. The same contention is made as to cause No. 6298, wherein the First National Bank as plaintiff recovered a judgment against Will and Tom Roach, Walter Pierce and others, as defendants.

The proposition presented is, that a judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to the matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein, and that this rule is applied both in law and in equity.

On the 20th day of September, 1906, Walter Pierce, W. R. Roach, Tom Roach and others filed suit in trespass to try title in the District Court of Hunt County, being cause No. 6329 on the docket of said court, wherein they sought to recover of J. P. Pierce and the First National Bank of Leonard 75 acres of land of the A. Ogden survey, and in said suit the said bank, in addition to the plea of not guilty, answered by a plea in the nature of a cross-bill, wherein it set up title to the land involved in this suit, No. 6807, specially setting out its said title, being a note given by J. P. Pierce, a trust deed to secure the same, the foreclosure of said trust deed and the purchase of the land by said bank, and the court in said cause (No. 6329) on March 13, 1907, rendered judgment awarding the land in controversy herein to the said First National Bank of Leonard against all of the parties to said suit, said judgment bearing date March 13, 1907. At the time this judgment was rendered the said Walter Pierce, Will and Tom Roach claim to have been the owners of the Zauk note by virtue of the transaction had at the Greenville National Bank on February 4, 1907.

The facts in reference to suit No. 6298, as found by the trial judge, are that on April 13, 1906, the First National Bank of Leonard filed suit in trespass to try title for the land involved in this suit in the District Court of Hunt County, and in addition to said above plea said bank further, by special plea, set out its title, being a note executed by J. P. Pierce, a trust deed to secure the said note upon land embraced in this suit, the foreclosure of said trust deed by the trustee therein named and the purchase thereunder by said bank, and in this suit J. P. Pierce, Walter Pierce, W. R. Roach and Tom Roach, with other parties, were parties defendant. On February 5, 1907, the said defendants, Walter Pierce, Will and Tom Roach, with other defendants in said suit, filed in said cause, which was number 6298 on the docket

of said court, their answer wherein they disclaimed having any interest in or to the lands involved in this suit. This cause was tried by the court upon the pleadings as above set out on the 3d day of March, 1908, and judgment was rendered by the court in favor of the First National Bank of Leonard as against J. P. Pierce, Walter Pierce, W. R. Roach and Tom Roach and the other defendants named in said petition, awarding the land in question to the First National Bank, except a one-sixth interest awarded to J. W. Pierce. The said bank has since acquired the said one-sixth interest of said J. W. Pierce. Appellee S. L. Green purchased the interest of W. R. and Tom Roach in the Zauk judgment on January 15, 1908, which was during the pendency of the above cause. We do not concur in the contention of appellant as to either of said suits. A former judgment is only conclusive of such matters as were essential to be determined before the judgment could be rendered. Moore v. Snowball, 98 Texas, 16. As stated in the opinion in James v. James, 81 Texas, 381, "It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings should have involved and determined the same vital issue, or that such issue or question should have been fairly within the scope of the pleadings. The 'matter in issue' is that upon which the plaintiff's cause of action is based, and which the defendant denies by his pleadings. Vaughan v. Morrison, 55 N. H., 580. It can only be conclusive of such matters as were essential to be 'determined before the judgment could be rendered' (Philipowski v. Spencer, 63 Texas, 607), and is not conclusive as to collateral issues or any matter which must be inferred from it. Id.; Oldham v. McIver, 49 Texas, 572. Although the rule is familiar that all matters put in litigation in a prior suit which could have been decided are concluded, it does not obtain where the decree itself shows that the issue was not passed on by the court. Teal v. Terrell, 48 Texas, 491."

The court's findings of fact show that in causes Nos. 6298 and 6329 the issues of title and possession were raised and adjudicated. The judgments were for title and possession, and nothing more. The trial court did not err in holding that the appellees, Walter Pierce, W. R. and Tom Roach, were not concluded from a recovery by the said judgments.

Appellees contend that this appeal was taken for delay, and they ask that the judgment be affirmed with damages. We are not prepared to hold under the evidence that the appeal was taken for delay. We are of the opinion that no error is pointed out in the record and that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.