PRICKETT v. STEINER et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 14, 1913.)

INJUNCTION (§ 59*)—RIGHT TO.

Defendant, the proprietor of a moving picture show, agreed to admit plaintiff and his family free in consideration for permission to use the walls of plaintiff's building as supports for the roof of a picture show and a strip of land adjacent to the walls. *Held* that, defendant being insolvent, an injunction restraining him from refusing plaintiff and his family permission to visit his show was proper, where defendant at the instance of his lessor, who claimed that plaintiff had no right to the strip of land in question, had refused such permission, for the continuation of plaintiff's visits to the show would not affect the title to the land in controversy, and the denial of plaintiff's right might deprive him of any remedy against the defendant.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 114–116, 128; Dec. Dig. § 59.*]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Suit by Dave Steiner and others against B. E. Prickett. From an order granting temporary injunction, defendant appeals. Affirmed.

PLEASANTS, C. J. This appeal is from an order of the district judge of Colorado county, made in chambers, granting a temporary injunction in a suit for injunction brought by appellees against appellant. The petition upon which the injunction was granted alleges in substance: That plaintiffs are the owners of certain lots in the city of Columbus, which are fully described in the petition. That some time in the spring or summer of 1912 the defendant, who was the lessee of a lot adjoining the lots so owned by plaintiffs, placed a temporary uncovered inclosure around said lot and began to exhibit or conduct therein a moving picture show. That said inclosure, which was erect-

ed with plaintiffs' consent, connected with the walls of the buildings situated on the lots owned by plaintiffs and covered a strip of land along the south line of one of plaintiffs' lots 18 inches in width and 66½ feet long and a strip along the east line of the other lot owned by plaintiffs 3 feet wide and 31½ feet in length. "That thereafter defendant conceived the idea of continuing the operation of said show through the following winter, and in order to keep out the cold and rain decided to place a roof over said open structure and was proceeding to carry out said idea when plaintiff protested and caused him to desist and to refrain from using plaintiffs' said land or further connecting with their said walls, whereupon defendant importuned plaintiffs to allow him the use of said lands and walls as he could not conduct his show throughout the winter without placing a cover over his said structure, and that it would occasion him great expense and loss, if plaintiffs refused him the use of said lands and said walls, in that he would be compelled to build two other independent walls upon which to construct his said covering, and he did then and there promise and agree with plaintiffs that, if plaintiffs would allow him to continue to use said lands and said walls, as a consideration therefor that plaintiffs and the following parties should have free access to said inclosure and to the nightly performances of his said picture show, and which right was to be also reserved by plaintiffs so long as defendant should continue to operate said theater, and that they would not be prevented from such access and attendance nor be charged any fee for admission whatever, said parties' names being as follows: Leo Steiner, son of plaintiff, and his wife, Susie E. Steiner, A. L. Steiner, son of plaintiff, and his wife, Ruth Steiner, Vivian Steiner and Melvin Steiner, children of the said A. L. Steiner and wife, Mrs. C. Wampold, mother of Mrs. Ruth Steiner, and Emma Moulden, a small girl living with the family of said A. L. Steiner. Whereupon, and because of said consideration, plaintiffs accepted said proposition, and because of which defendant became bound and obligated himself that he would allow plaintiffs and said above-named parties free access and entry into said theater and said nightly performances, as aforesaid, without let or hindrance and without charge. That immediately after plaintiffs had accepted said proposition defendant at once placed a roof on said inclosure, joining same to plaintiffs' said walls and otherwise attaching same to plaintiffs' said two buildings, and which had the effect of obstructing said light, and by reason of which defendant made the said open structure a warm, comfortable, weather and rain proof building and which it so continued until this time. That, acting under and by virtue of said agreement, defendant permitted plaintiffs and all of said parties above mentioned to

enter his said theater without charge or molestation and to attend said nightly performances continuously and at all times that they so desired until the 26th of October, A. D. 1912, when the defendant, in utter disregard of his agreement and of his obligations not to refuse plaintiffs and the above-named parties access free of charge in his said theater and to his said nightly performances, and notwithstanding his obligations and agreement that he would collect no entrance fees from plaintiffs or said above-named parties, nor in any other manner hinder or refuse them admission, as aforesaid, did fail and refuse to carry out and comply with his part of said contract and did refuse to allow plaintiffs and the above-named parties to enter said theater and to attend said nightly performances, and did refuse to allow them to so enter and attend said performances free of charge, but on the contrary did demand that plaintiffs and said above-named parties should pay to him the price charged all other people before he would allow them to enter said theater or attend his said nightly performances, and did, upon plaintiffs' and said above-named parties' demanding such entrance, procure the services of an officer, and did through such officer prevent plaintiffs and said above-named parties from entering into said theater and from access thereto, thereby ejecting plaintiffs and said above-named parties therefrom in violation of his said undertaking. And plaintiffs now say that defendant still refuses and threatens to continue to refuse to allow plaintiffs and the above-named parties free access to said theater and to said nightly performance and is threatening to use the same force to prevent plaintiffs and said above-named parties from entering said theater and attending said nightly performances, and by which means defendant will entirely prevent plaintiffs and said above-named parties from entering said theater and of obtaining the benefit of the said nightly performances."

It is then alleged that the fees charged by defendant for admission to the performances given in said structure vary from 10 cents to 35 cents; that said performances are highly entertaining and instructive, especially to the younger of the persons for whose benefit said agreement was made, and not to be obtained elsewhere in the city of Columbus, where plaintiffs reside, there being no other moving picture theaters in said city, and that the refusal of defendant to comply with his said contract works an irreparable injury to plaintiffs, for which they have no adequate remedy at law; that defendant is insolvent; and there is no way of arriving at the measure of damages plaintiffs have suffered and will suffer by the continued breach by defendant of said contract.

It is further alleged that defendant is claiming that the strip of land before described, which belongs to plaintiffs, is owned by the party from whom he leased the lot ad-

joining plaintiffs' said lots and is thereby casting a cloud upon plaintiffs' title and has entered into a conspiracy with said party for the unlawful purpose of acquiring plaintiffs' said land by prescription.

The prayer of the petition is as follows: "Wherefore plaintiffs bring this suit, upon hearing, pray judgment that defendant be required to specifically perform his said agreement, and for a temporary mandatory injunction enjoining defendant from refusing plaintiffs and said above-named parties from free access to said theater and attendance upon said nightly performances and from charging or collecting or demanding from plaintiffs and said above-named parties anything for admission to said theater and to such performances, and from forcibly preventing and ejecting plaintiffs and said above-named parties from entering said theater and attending said nightly performances, as aforesaid, and that defendant be enjoined from acknowledging or atoning to any other person, firm, or corporation as landlord or as owner of plaintiffs' said two strips of land in order that plaintiffs' said rights be maintained in statu quo, and that same be made perpetual upon final hearing, for costs of suit and general and special relief in equity. In the alternative, plaintiffs pray for possession of said premises and for a temporary mandatory injunction compelling defendant to remove his said structure away from off of plaintiffs' said land, and from in any manner obstructing plaintiffs' said light, or from tortiously and unlawfully seeking to obtain prescriptive title to plaintiffs' said property upon final hearing, for costs of suit and general and special relief, both at law and in equity."

The defendant presented a general demurrer and numerous special exceptions to plaintiffs' petition, and, answering same under oath, denied many of the allegations of said petition, and especially denied that plaintiffs owned the strip of land claimed by them, and averred that same was the property of the I. O. O. F. Lodge of Columbus, from whom he had leased the lot occupied by him. He admitted the execution of the contract as alleged by plaintiffs. He also specially denied that he was insolvent. His answer also contains the following averments: "Defendant further says that after he and plaintiffs entered into the agreement hereinbefore set out, and in accordance with the terms of said agreement, he permitted not only plaintiffs' immediate family free entrance into each and every performance of said show thereafter but also permitted Leo Steiner and his wife, Susie E. Steiner, A. L. Steiner and his wife, Ruth Steiner, Vivian Steiner, Melvin Steiner, Mrs. C. Wampold, and Emma Boulden free entrance to each and every performance until about the 28th day of October, A. D. 1912, when defendant was informed by the representatives and some of the members of the I. O. O. F. Lodge that the plaintiffs owned no portion or part of the land and premises within the walls of the Airdome theater, and he was then and there requested by them not to recognize any rights or title that plaintiffs may assert or claim in or to any portion of the premises then occupied by him, for the reason that a recognition on his part at time, being acquiesced in by them, might possibly be construed as an admission on their part that plaintiffs owned and were entitled to a portion or part of the lot upon which is situated said Airdome and is inclosed by the Airdome theater walls. Said agents and representatives also representing to defendant that all of said premises so inclosed and the title thereto belonging to said I. O. O. F. Lodge in fee simple, and by right of prescription, as said lodge, has been in and held actual, notorious, adverse, and peaceable possession of all the property and premises so inclosed, and had been using, claiming, and enjoying the same and paying all taxes due thereon, claiming the same under deeds registered in the office of the county clerk of Colorado county, Tex., for more than three, for more than five, and for more than ten years prior thereto, and by reason of which said lodge claimed title to said property and premises. Defendant further says that said representatives and agents of said lodge informed him that, if plaintiffs claimed any portion of said premises, they did so fraudulently and without any good or sufficient reason and for the purpose of gaining free admission to defendant's show. Thereupon defendant informed plaintiffs that said lodge denied plaintiffs' ownership and claim to any portion of said premises, and he then requested plaintiffs to confer with said lodge and for them to determine the ownership of the property in dispute, defendant agreeing that if the property in dispute was shown to belong to plaintiffs he would continue to carry out the terms of his contract with them, or that he would lease the property in dispute and pay a reasonable rental therefor, but that defendant could not, as the tenant of said lodge, recognize plaintiffs' claim to any portion of said premises until the matter was finally settled between plaintiffs and said lodge. But plaintiffs refused to adjust this matter in this way, but on the contrary demanded and tried to induce this defendant to recognize plaintiffs' claim by executing a written lease therefor, for which he was to pay as rental therefor the sum of $1 per month. This lease is hereto attached and marked Exhibit D and made a part hereof. Defendant thereupon submitted said lease to said lodge for their approval, which they refused to approve. For the reasons hereinbefore assigned this defendant refused to carry out the terms of his contract and agreement with said plaintiffs, but for no reason whatsoever did he

so refuse. Defendant specially denies that, as reason for refusing to abide by the terms of said contract on his part, he was a minor at the time that he entered into said agreement, but on the contrary defendant alleges and says that while it is true that at the time he entered into said agreement with said plaintiffs he was then a minor, but that he became of legal age thereafter, to wit, on the 29th day of October, A. D. 1912, and he thereafter was ready and willing to ratify said contract and is now ready and willing to so ratify the same should the title to the premises in dispute be satisfactorily shown to be in plaintiffs."

Upon a hearing before the judge upon the bill and answer and affidavits and oral testimony offered by the parties, the judge made the following order: "In chambers, Columbus, Tex., June 30, 1913, upon notice and hearing of the within petition, I am of the opinion that the injunction should be granted. Therefore, upon the plaintiffs giving bond as required by law in the sum of $250, W. C. Papenberg, Esq., clerk of this court, is hereby directed to issue the writ of injunction prayed for, restraining B. E. Prickett, his agents, attorneys, servants, and employés, until further orders of this court, from refusing Dave Steiner, Henrietta Steiner, Leo Steiner, Susie E. Steiner, A. L. Steiner, Ruth Steiner, Vivian Steiner, Melvin Steiner, Mrs. C. Wampold, and Emma Moulden free access to the Airdome theater of the said Prickett, and attendance upon the nightly performances thereof and from charging, collecting, or demanding of said parties, or either of them, anything for admission to said theater and to said nightly performances, and from forcibly preventing said parties, or either of them, from entering said theater and from attending said nightly performances, and from ejecting said parties, or either of them, therefrom. To all of which defendant excepts and gives notice of appeal to the Court of Civil Appeals at Galveston, Tex."

There are no assignments of error and no brief filed by either party.

We do not think, from an examination of the pleadings and the affidavits presented on the hearing, that the learned trial judge erred in granting the injunction in the terms of the order above set out. Upon the issue of defendant's insolvency, the affidavits are conflicting, and the judge was justified in finding that he was insolvent. The order granting the injunction can have no possible effect upon the issues as to the ownership and right of possession of the property, which are the main issues raised by the pleadings. If defendant is insolvent, plaintiffs cannot by any action at law be compensated for the damages they may sustain by the continued refusal of the defendant to permit them to attend the performances as

he agreed and contracted to do, and as he expresses a willingness in his answer to continue to do if upon a trial it is found that plaintiffs own the strip of land claimed by them.

In these circumstances the injury to plaintiffs which would result from a refusal to grant the injunction is much greater than any that defendant could possibly sustain by reason of said injunction. The doctrine of "balance of convenience" is applicable to the case made by the pleadings and evidence, and the judge, sitting as a chancellor, did not err in granting the injunction. Townsite Co. v. McFaddin, Weiss & Kyle, 56 Tex. Civ. App. 611, 121 S. W. 721; Canal Co. v. Markham Irr. Co., 154 S. W. 1176; Houston Electric Co. v. Glen Park Co., 155 S. W. 965.

The judgment is affirmed.