**JOHNSON v. JOHNSON. (No. 11923.)**

Court of Civil Appeals of Texas. Fort Worth.
Feb. 25, 1928.

Rehearing Denied March 31, 1928.

1. **Husband and wife** ⬥278(1)—**Contracts between husband and wife living apart, intended as provision for wife's support, will be upheld under proper circumstances.**

Contracts between husband and wife, intended as provision for support of wife, where parties are living apart, will be upheld, in absence of fraud and other invalidating circumstances.

2. **Husband and wife** ⬥278(1)—**Conveyance by husband, intended as provision for support of wife, from whom he is living apart, will be upheld under proper circumstances.**

Where husband and wife are living apart, conveyance by husband, intended as provision for wife's support, will be upheld, in absence of fraud and other invalidating circumstances.

3. **Judgment** ⬥725(6)—**Judgment that husband's contract to make payments to wife living apart from him was valid held to prevent contention in subsequent suit that such contract was void.**

Judgment in former action by wife on contract by husband to pay wife from whom he was living apart certain money in monthly installments, holding contract valid, contrary to contention that it was executed in Texas, and that such payments were intended to provide for permanent alimony, contrary to public policy and laws of Texas, precludes husband from maintaining in subsequent suit, to enjoin actions for installments due under contract, that it was subject to such defect.

4. **Judgment** ⬥725(6)—**Adjudication that husband's contract to pay wife money was valid held not to prevent reduction of payments for her failure to support child required by contract (Rev. St. 1925, arts. 2015, 2017).**

Judgment in former suit by wife to recover monthly installments due on contract between her and husband for division of property, holding such contract valid, has effect only as to validity of contract, and is not conclusive as against abatement claimed by husband in suit to enjoin actions by wife in justice court·to recover further installments on such contract, on theory that, since she had stopped supporting minor son as contract required, payments should be abated, in view of Rev. St. 1925, arts. 2015, 2017, relating to offsets and counterclaims.

5. **Husband and wife** ⬥281—**Husband may set off wife's failure to support child required by his contract to pay wife money (Rev. St. 1925, arts. 2015, 2017).**

Wife's failure to support minor son, as required by contract between her and husband looking to division of family property, is allowable to husband as offset or counterclaim under Rev. St. 1925, arts. 2015, 2017, as against liability for further installments due under contract, and is fairly within equitable doctrine of recoupments.

6. **Appeal and error** ⬥719(8)—**Trial court's finding of fact, not attacked, held binding on appeal.**

In husband's suit to enjoin actions by wife to collect installments due under contract dividing family property, trial court's finding of fact that wife failed to support parties' minor son, as required by contract, and that husband had been compelled to do so, and in response to request of wife, not attacked, is binding on appeal.

7. **Husband and wife** ⬥281—**Deducting from installments due wife from husband, under contract requiring her to care for son, husband's expense in maintaining son, held proper (Rev. St. 1925, arts. 2015, 2017).**

Where husband and wife, living apart prior to divorce, executed contract looking to division of property, requiring payment of monthly installments to wife, and giving her custody of son, required to educate and maintain child, and, on her failure to do so, husband, caring for and maintaining child at her request, was entitled to have reasonable cost thereof deducted from installments due under contract, in view of Rev. St. 1925, arts. 2015, 2017, relating to offsets and counterclaims.

Appeal from District Court, Tarrant County.; H. S. Lattimore, Judge.

Suit by Gilbert S. Johnson against Hazel S. Johnson for an injunction. From a judg-

ment awarding plaintiff an injunction and for defendant against plaintiff for certain money, defendant appeals, and plaintiff filed a cross-assignment of error. Affirmed.

W. D. Caldwell and Lee, Lomax & Wren, all of Fort Worth, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

CONNER, C. J. This suit was instituted by Gilbert S. Johnson against Hazel S. Johnson, formerly his wife, to enjoin the prosecution in the justice court of precinct No. 1, Tarrant county, Tex., of 24 separate suits, in each of which recovery for the sum of $150 was sought from appellee. It was alleged by appellee that said sums had been contracted to be paid by him under a separation agreement between him and his former wife; that said suits were all subject to the same defenses, and could be tried and determined upon one trial. Appellee admitted the execution of the contract referred to and the nonpayment of the several installments sued for in the justice court, but alleged that the contract was illegal, in violation of public policy, executed without consideration, and contrary to the laws of this state, in that the payments were intended as in lieu of permanent alimony.

The injunction as prayed for was granted. Defendant Hazel S. Johnson, after the court had overruled a motion to dissolve the injunction, and held that he had jurisdiction to determine the case, answered to the merits by a general demurrer, a general denial, and specially to the effect that the separation agreement had been executed by the contracting parties on September 10, 1919, for a valuable consideration, all of which had been theretofore established and adjudicated against the plaintiff, Gilbert S. Johnson, in an action instituted against him by defendant in a court of competent jurisdiction, to wit, the Seventeenth district court of Tarrant county, Tex., in cause No. 67984 on the docket of said court, styled Hazel S. Johnson v. Gilbert S. Johnson, wherein judgment was rendered against the latter for the installments provided for in said contracts that were then due, and from which judgment said Gilbert S. Johnson had never prosecuted an appeal; that said judgment existed as a final judgment against the plaintiff and binding upon him, by reason of which he was barred and estopped from asserting any of the defenses to said contract alleged in his petition, or any defense which could or might have been urged as a defense to said contract in said suit in the Seventeenth district court.

Defendant further specially pleaded that the contract of September 10, 1919, had been executed by plaintiff and defendant as a separation agreement in contemplation of a divorce, and that thereafter, on September 20, 1920, in the superior court of the state of California, in and for the county of San Francisco, a decree of divorce severing the marriage relation between plaintiff and defendant had been granted defendant and became effective; that at and before the execution of said contract and said decree the contracting parties were seized and possessed of a large amount of community property, and the contract was made and entered into in settlement of the property rights of the parties.

Copies of the contract, decree of divorce, and the judgment rendered in the Seventeenth district court were made a part of the defendant's answer, together with the pleadings and the findings of fact and conclusions of law filed by the judge of that court, which judgment, as before stated, was specially pleaded as a judicial determination of the plaintiff's liability for the monthly installments for which defendant had instituted her suit in the justice court, and which plaintiff was estopped to deny. It was further alleged that defendant had never remarried, and that by the terms of the contract each and all of the sums sued for in the justice court were due and payable, and judgment for those amounts and costs incurred in that connection was prayed for.

Plaintiff filed a reply to the cross-action repeating his allegations relating to permanent alimony, and further specially pleaded that the agreement was made in contemplation that the defendant would rear, train, educate, and care for the minor son of the contracting parties; that the defendant had lost control of the child, who ceased to live with her, and that no part of said monthly installments had ever been applied toward the support and maintenance of the child, in violation of her promise to do so, whereupon plaintiff himself was forced to provide for and educate said child at large expense, and he prayed that, if the contract was to be enforced at all, it should be so modified that plaintiff would only be required to pay such sums as the evidence would show were fair, right, and equitable.

The trial was before the court without a jury. The court's findings of fact and conclusions of law are as follows:

"(1) Plaintiff, by written contract, agreed to pay defendant the monthly sums of $150, as herein sued for.

"(2) The consideration for this contract was in part the support and maintenance and care of their minor son.

"(3) That defendant failed and refused to support said son, and that plaintiff has been compelled to do so, and in response to a request of defendant.

"(4) That plaintiff, during the months for which these $150 payments accrued, spent more than $60 per month in the care, maintenance, and support of said son.

"(5) That $60 per month is a reasonable and fair cost of the upkeep of said minor during said months.

"(6) That the suits filed in the justice court

were each subject to the same defense, and involved practically the same issues of law and fact, and are between these same parties.

"(7) That heretofore in the Seventeenth district court of Texas payments accrued on said contract other than the payments herein involved, and judgment was rendered in said cause for Hazel Johnson.

"(8) This contract was in part in settlement of alimony, and was signed by plaintiff in Texas where he then resided, the defendant signing in California where she then resided, where she had then already filed suit for divorce, which divorce suit is in judgment, and in which plaintiff filed an appearance.

"I conclude:　•

"(1) That the contract was a valid contract when made.

"(2) That the suit in the Seventeenth district court does render res adjudicata the validity of the contract, but does not render res adjudicata the legality of the contract originally for the entire $150 per month therein sued for by the defendant.

"(3) I conclude that the consideration for said $150 per month payments sued on has failed to the extent of $60 per month.

"(4) I conclude that equity should enjoin the further prosecution of the justice court suits to avoid a multiplicity of suits."

Upon the findings so made, the court entered a judgment making permanent the preliminary injunction theretofore issued against the prosecution of the suits in the justice court, and further adjudged that the defendant, Hazel S. Johnson, recover of plaintiff, Gilbert S. Johnson, the full sum of $2,646.15, together with interest at the rate of 6 per cent. per annum thereon from the date of the judgment until paid, being $90 per month for each of the months set out in defendant's cross-action, with legal interest thereon, and the further sum of $58.20 court costs in the justice court cases, together with all costs in the pending suit.

From the judgment so rendered, defendant, Hazel S. Johnson, has duly prosecuted this appeal.

The substance of appellant's contentions on this appeal, as evidenced by her assignments of error, is that the court erred in allowing the defendant a rebate of $60 a month on the monthly installments declared upon, on the ground that all matters relating to the validity of the contract and the appellee's right to an abatement of the payments as therein provided had been determined and adjudicated in the judgment of the Seventeenth district court, which had been rendered on the 6th day of January, 1925.

Appellee in turn filed a cross-assignment of error, under which it is urged that the court erred in rendering any judgment whatever in favor of appellant, Hazel S. Johnson, for the reason that the contract sued upon shows upon its face for permanent alimony, which, under the laws of this state, is illegal, and against public policy, and void.

The contract upon which appellant based her right of recovery reads as follows:

"Gilbert S. Johnson with Hazel S. Johnson.

"This agreement, made and entered into this the 10th day of September, 1919, by and between Gilbert S. Johnson, hereinafter called first party, and Hazel S. Johnson, his wife, hereinafter called second party, both of the county and city of San Francisco, state of California, witnesseth:

"That whereas, the parties hereto are now husband and wife, the differences have arisen and do now exist between them the result whereof is that the said parties have lived separate and apart since on or about the 1st day of November, 1914, and have become definitely and finally convinced that it will be impossible for them now, or hereafter, to live together as husband and wife, and the second party is about to commence suit for divorce against the first party; and

"Whereas, the parties desire to settle all questions as to their respective property rights between themselves, and have been fully and independently advised by their respective counsel in regard thereto:

"Now, therefore, in consideration of the mutual covenants each to the other running, the parties hereto have agreed, and do hereby agree, as follows, to wit:

"First. The personal effects of the parties and the household effects of the community have been heretofore divided between them.

"Second. The first party does and by these presents contracts, covenants, and agrees, and binds himself, his estate, his heirs, executors, and administrators, to well and truly pay to the second party the sum of one hundred and fifty dollars ($150.00) on the first day of each and every calendar month hereafter, commencing on the 1st day of September, 1919, during the lifetime of said second party, or until she remarries, and the said sum of one hundred and fifty dollars ($150.00) to be delivered to the said second party or to be deposited to her sole and exclusive account in some bank designated by the said second party or her attorney, acting under her express authority.

"Third. That the said first party does by these presents contract, covenant, and agree and hereby binds himself, his estate, heirs, executors and administrators, to well and truly pay to the said second party, in addition to the various sums of money hereinbefore agreed by him to be paid to the said second party, the sum of twenty-five hundred dollars ($2,500.00) said sum of twenty-five hundred dollars to be paid by the said first party to the said second party as follows, to wit:

"The sum of five hundred dollars ($500.00) on the 1st day of March, 1920; the sum of five hundred dollars on the 1st day of September, 1920; the sum of five hundred dollars on the 1st day of March, 1921; the sum of five hundred dollars on the 1st day of September, 1921; and the sum of five hundred dollars on the 1st day of March, 1922, the said installment of five hundred dollars to be paid to the said party at the said times by delivering the same to her sole and exclusive account in some bank designated by the said second party, or by her attorney acting under her express authority.

"Fourth. The said second party does by these

presents agree to accept the said several sums of one hundred and fifty dollars ($150.00) per month on the first days of each and every calendar month hereafter, commencing on the 1st day of September, 1919, and during her life, or until her remarriage, and the additional sum of twenty-five hundred dollars ($2,500.00) payable in installments as hereinbefore set forth, as and for and in full of her right and claim in and to any interest in the community property of herself and the said first party, as well as in full of her right and claim to alimony, support and maintenance from the said first party.

"Fifth. The first party upon the execution of this agreement hereby agrees to pay to the said second party the sum of seventy-five dollars ($75.00), the said second party agrees to accept said sum in full payment of any and all right to alimony or maintenance to and including the 31st day of August, 1919.

"Sixth. The said parties do hereby agree that whatever property the said first party now has, be the same community or separate property, and whatever property he may acquire henceforth, be considered as and be his separate property, and that whatever property the said second party now has, be the same community or separate property, shall henceforth be considered as and be her separate property.

"Seventh. The said parties hereto further agree that the only child of the said parties, Junior Johnson, of the age of about twelve years and ten months, shall henceforth be and remain in the custody and care of said second party, the said first party to have the right to see said child at any reasonable and convenient time.

"In witness whereof, the parties hereto have hereunto set their hands the day and year first above written.

"[Signed]    Gilbert S. Johnson.
"Hazel S. Johnson."

To the contract is attached the certificate of a notary public of California, attested by his signature and seal of office, certifying that Gilbert S. Johnson had there personally appeared before him (and known to him to be the person whose name was subscribed to the instrument), and fully acknowledged that he had executed the same. This certificate is dated September 10, 1919. A like certificate before another notary public, attesting the signature of Hazel S. Johnson, was dated September 12, 1919.

[1, 2] It is undisputed in the evidence that, at the time of the execution of this contract, appellant and appellee were living apart, and had been so separated for a number of years, and it seems to be well settled that in such cases conveyances or contracts by the husband intended as a provision for the support of the wife will be upheld. The contract under consideration has not been questioned by appellee, on the ground that, at the time of its execution, there was any fraud practiced upon him, or that its terms were unfair or unconscionable in any respect, or that the contract had been entered into on his part by reason of any mistake of fact or law; nor in his testimony is any such attack made up-

on the contract; nor in his testimony did he undertake to show that the property owned by the wife at the time, and vested in appellee by the terms of the contract, was an inadequate consideration, or out of proportion to the obligations undertaken in executing the contract, and many authorities might be cited and quoted from, to the effect that contracts of such a character and made under such circumstances are valid. Speer's Law of Marital Rights in Texas (2d Ed.) § 131; Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324; Moore v. Moore, 28 Tex. Civ. App. 600, 68 S. W. 59; Caffey v. Caffey, 12 Tex. Civ. App. 616, 35 S. W. 738; Crouch v. Crouch, 30 Tex. Civ. App. 288, 70 S. W. 595; Moor v. Moor, 24 Tex. Civ. App. 150, 255 S. W. 231; Watkins v. Watkins (Tex. Civ. App.) 119 S. W. 145; Levy v. Goldsoll, 62 Tex. Civ. App. 257, 131 S. W. 420 (writ refused by the Supreme Court, 104 Tex. 700, 133 S. W. XV, no opinion); Versyp v. Versyp (Tex. Civ. App.) 159 S. W. 165; Parks v. Worthington, 101 Tex. 505, 109 S. W. 909; Andrus v. Randon, 34 Tex. 536.

Moreover, it is undisputed that the identical contract under consideration in this case was declared upon in the suit of appellant against appellee in the district court of the Seventeenth judicial district, as alleged in appellant's plea of res adjudicata. The record discloses without dispute that that suit was for a series of unpaid payments of $150 each due under the terms of the contract for months preceding February, 1925, and it was distinctly held in that case, as appears from recitals in the judgment as well as from the trial court's findings of fact and conclusions of law, that the contract was valid and enforceable, contrary to appellee's contention then as now made that the contract had been executed by him in the state of Texas contrary to the certificate of the notary public in California, and that such monthly payments were intended to provide for permanent alimony contrary to the public policy and laws of this state.

[3] Such judgment in the former suit, therefore, unquestionably binds appellee and forever precludes him from maintaining the defenses in that suit and in this suit that the contract is to be construed as one made in Texas and void under the laws and decisions of this state. 34 Corpus Juris, §§ 1154, 1266, and 1267; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1068; Nichols v. Dibrell, 61 Tex. 539; Grayson County Bank v. Wandelohr, 105 Tex. 226, 146 S. W. 1186; State v. Ortiz, 99 Tex. 475, 90 S. W. 1084; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Edwards v. Dennington (Tex. Civ. App.) 161 S. W. 929; Old River Irr. Co. v. Stubbs (Tex. Civ. App.) 168 S. W. 28; Wilson v. Cook (Tex. Civ. App.) 91 S. W. 236; Deaton v. Southern Irr. Co. (Tex. Civ. App.) 144 S. W. 294; Peden Iron & Steel Co. v. El Campo

Rice Milling Co. (Tex. Civ. App.) 251 S. W. 543.

[4] In the case of Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, in an opinion by Chief Justice Cureton, the following is said:

"The rule that a valid judgment for plaintiff is conclusive, not only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation."

Numerous cases are cited in support of the proposition asserted which we need not here further refer to. It is under the rule so announced, which is well established by the decisions, that appellant now contends that the judgment of the Seventeenth district court is conclusive, not only as to the validity of the contract, but also conclusive as against the abatement allowed appellee in this case of $60 a month on the $150 payments, as required in the contract. But with this contention we are not able to agree.

Judge Williams, of our Supreme Court, in the case of Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596, quoted the following with approval from Mr. Freeman on Judgments, to wit:

"The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues tendered by the plaintiff's complaint."

The case of Moore v. Snowball has been cited with approval by both the Galveston and Dallas Courts of Civil Appeals. See Wylie v. Langhorne, 45 Tex. Civ. App. 618, 101 S. W. 527, where it is held that an issue not in fact made by the pleadings in a cause does not become res adjudicata by the judgment simply because it might have been plead and adjudicated. To the same effect is Manning v. Green, 56 Tex. Civ. App. 579, 121 S. W. 721. As early as 48 Tex. 491, in the case of Teal v. Terrell, it was held, citing from the headnotes, that:

"As a general principle, the judgment or decree of a court of competent jurisdiction is not only final as to the matters actually determined thereby, but also upon all matters properly involved in the issues passed upon and determined by the court, and that all matters put in litigation by a previous suit, and which could have been adjudicated therein, are concluded by it; yet it cannot be so held, where the record clearly shows that the matter in question was not in fact passed upon by the court, or where, under the pleadings and verdict, it could not have been decided adversely to the party

against whom the judgment is claimed to operate as res adjudicata."

As before stated, appellant in the suit formerly pending in the Seventeenth district court sued for and recovered monthly payments preceding February, 1925, while in the present suit the appellant only sought to recover the monthly payments due by the terms of the contract for the months of February, 1925, to January, 1927. It is manifest, therefore, that the monthly installments for which the appellant sues to recover in this suit was not in issue in the case formerly instituted by her in the Seventeenth district court. The payments involved in the present suit could not have been pleaded or presented in that suit, for, under the terms of the contract, they were not then due.

[5-7] It is likewise manifest that the cross-plea of appellee in this case for an abatement of the $150 payments did not, and could not, have been in issue in said former suit. Appellee's cross-plea for an equitable abatement of the $150 installments is not, as we construe it, an attack on either the validity of the contract or the binding effect of the judgment of the Seventeenth district court. It is, instead, in the nature of an offset or counterclaim. Accordingly, the only question, as it seems to us, relating to the counterclaim of appellant, is whether the offsets pleaded and allowed by the court are of a character allowable under well-recognized rules. The trial court in its third finding of fact expressly finds that appellant "failed and refused to support" the son of the parties, and that appellee had been "compelled to do so, and in response to a request" of appellant. Appellant in nowise attacks this finding, and it is therefore conclusive upon us. Appellant, under the terms of the separation contract, was given the custody of the child and, as between husband and wife, assumed the duty of its care, which included, we think, suitable provision for its maintenance and education, and, if later she became unable or refused to perform this duty, and defendant did so at the request of appellant, we see no reason why we should hold it to be inequitable for the court to have made, as he did, a reasonable deduction from the monthly payments due under the terms of the contract. The amount of abatement or deduction is not complained of, and we think appellee's prayer therefor fairly comes within articles 2015 and 2017, Rev. Statutes of 1925, relating to offsets and counterclaims, and fairly within the equitable doctrine of recoupments.

The trial court's findings of fact and conclusions of law are accordingly adopted, and the judgment below is affirmed.