## J. P. CROUCH v. M. E. CROUCH ET AL.

### Decided November 1, 1902.

**1.—Arbitration—Married Woman—Void Agreement.**

An agreement between a married woman and her husband, with whom she is living, to determine and effect by arbitration a division of their property, is a nullity, since she has no power to make such a contract.

**2.—Same—Judgment Upon Award.**

The agreement to arbitrate being void, the judgment of the court entered on the award and attempting to fix the status of the property as between her and her husband was also void.

**3.—Same—Acceptance of Service—Waiver.**

The wife's acceptance of service of the motion to ·have judgment entered on the award could not give any vitality to such void agreement and award, nor operate as a waiver of the statutory requirement that the judgment on such an award shall be entered at the succeeding term of court.

**4.—Same—Limitations—Coverture.**

Limitations did not run during coverture against the wife's right to set aside the judgment on the award.

**5.—Same—Adult Children—Separable Award.**

As to the adult children who were also parties to the arbitration and who do not complain of the award, the judgment thereon was properly held binding as between them and the husband and wife jointly, there being nothing to show that the division was unfair or inequitable as to their interests.

Appeal from the District Court of Collin County. Tried below before Hon. J. E. Dillard.

*Abernathy & Beverley,* for appellant.

*Garnett & Smith* and *J. M. Pearson,* for appellees.

RAINEY, CHIEF JUSTICE.—In January, 1879, Isaac Crouch died, leaving surviving him his wife M. E. Crouch and their three children, viz., L. W. Crouch, J. H. Crouch, and Lizzie Crouch, who afterwards married A. T. Bryant. He left property (community of himself and wife M. E. Crouch) consisting of real estate and a mercantile business, which latter M. E. Crouch conducted for about two years after his death, when she married J. P. Crouch, the appellant. J. P. Crouch took control of the said property, and with the assistance of L. W. and J. H. Crouch continued the mercantile business. On one of the lots owned by Isaac Crouch stood a building. J. P. Crouch bought an adjoining lot, pulled the old building down, and built a three-story building covering both lots. Up to April 7, 1897, property had been accumulated amounting in value to $149,218.64, and there was an indebtedness of $6256. Some advancements had been made to the children. On the date last mentioned the following agreement to arbitrate was entered into, to wit:

"The State of Texas, Collin County. Know all men by these presents that we, J. P. Crouch, M. E. Crouch, L. W. Crouch, Joseph Crouch, and Lizzie Crouch, being the owners of certain property consisting of real and personal and business interests, and believing that, owing to circumstances, disinterested third parties can more equitably adjust and determine our rights and interests, have contracted and agreed by and with each other as follows:

"(1) We have selected J. S. Heard, W. P. Cloyd, and W. L. Boyd, who are each and all acceptable to each and all of us, to determine the matters and things hereinafter set out.

"(2) Said arbitrators shall be sworn by the clerk of the district court to fairly and impartially decide the matters to them submitted according to the evidence adduced and law and equity applicable to the facts, and said clerk shall fix a day for hearing, and, if required, issue all process for such witnesses as any of the parties may desire.

"(3) Whereas Isaac Crouch, deceased, in Collin County, owner of certain property personal and real, and M. E. Crouch, managed the same for a period, assisted by Joe Crouch and L. W. Crouch, and afterwards the management was turned over to J. P. Crouch, assisted by L. W. Crouch and J. H. Crouch, who have all and each of them put their time into the work of managing and accumulating an increased value of the same.

"(4)   Each and all of the parties hereto have from time to time received money and other property out of the same.

"(5)   An inventory of said property which consists of the business, notes, accounts, etc., has been lately made, and the real estate is still on hand.

"(6)   Said arbitrators shall take said inventory and hear such proof as they may deem necessary to arrive at a just conclusion, and the said arbitrators shall make an award.

"(7)   Such award shall ascertain and determine the respective interests and rights of the respective parties to all of said property; they shall cause and procure the necessary and proper conveyances and transfers to be executed by the parties respectively.

"(8)   The award shall be final, and may on motion of either of the parties hereto be made the judgment of the District Court of Collin County.

> "J. P. Crouch,
> "L. W. Crouch,
> "J. H. Crouch,
> "Lizzie Crouch,
> "M. E. Crouch.

"Witness:   John W. Younger."

The arbitrators qualified and rendered an award by which they set apart to the respective parties property as follows:   To L. W. Crouch, property of the value of $20,000; to J. H. Crouch, property of the value of $20,000; to Lizzie Crouch, property of the value of $20,000; to M. E. Crouch, as her separate estate, $20,000; and to J. P. Crouch as his separate estate, property of the value of $62,000.   Included in the part set aside to J. P. Crouch was an undivided half interest in the lots on which the three-story building above mentioned had been erected.

On April 19, 1897, J. P. Crouch, through his attorney, filed a motion in the District Court, said court being then in session, asking that said award be made the judgment of the court.   M. E. Crouch, L. W. Crouch, J. H. Crouch, and Lizzie Crouch accepted service of and agreed to the motion.   On April 20th, the next day, the award was entered as a judgment of the court.

On October 2, 1899, Mrs. M. E. Crouch brought this suit against her husband, J. P. Crouch, to set aside the judgment and award, alleging that he had refused to join her in its prosecution; and further, in substance, that at the date of the arbitration and ever since she was the wife of J. P. Crouch; that they were living together as such at that time, and at the time of bringing this suit; that in order to induce plaintiff to sign the agreement to arbitrate, J. P. Crouch represented to her that the same would be a just, fair, and equitable division, and that he would see her interest fully protected, upon which statements she signed said agreement; that said award was not a fair and just

partition, etc.; that part of the real estate set apart to J. P. Crouch was her separate property; that J. P. Crouch had gained an undue advantage by reason of their marital relations, etc.

Defendant answered by general and special demurrers, general denial, and specially, among other things, that more than two years had elapsed from the rendition of the judgment before the bringing of this suit. The cause was tried before a jury which returned a verdict for plaintiff, and judgment was rendered setting aside the former judgment as to the award between J. P. and M. E. Crouch, and leaving it to stand as to the other parties. J. P. Crouch alone has appealed.

Assignments of error are predicated upon the action of the court in overruling the various special demurrers. The material propositions urged are embraced in other assignments raising legal issues which control the disposition of the case, and without attempting to treat the various assignments separately, we will discuss only the legal propositions that we consider decisive of the issues presented. This action being a direct attack upon the decree of the District Court making the award of the arbitrators the judgment of the court, it is not necessary to hold that such judgment is void, but to determine whether or not such facts existed at the time as to warrant its being set aside.

Mrs. M. E. Crouch, being a married woman, was disabled from entering into the agreement to submit to arbitrators the respective rights of herself and husband to the property, and in so far as the award attempted to fix the status of the property as between herself and husband, it was a nullity. A married woman can not bind herself personally by contract except in the manner prescribed by the statute. Killett v. Trice, 66 S. W. Rep., 51. An agreement to arbitrate by her is not provided for by the statute. The agreement to arbitrate was the basis for the action of the court in making the award the judgment of the court. In making the decree the court evidently assumed that the agreement was one which the parties were capable of entering into and binding upon them. We apprehend that had the court been advised of the true situation no such judgment would have been rendered. Cruger v. McCrackin, 87 Texas, 584. The award was manifestly unfair, and it would be inequitable on that account to let it stand. It is shown that there was set aside to J. P. Crouch, as his separate property, more than three times as much as was awarded to Mrs. Crouch, when it appears that she, at the time of her marriage to J. P. Crouch, owned some property and their interest in all the accumulations thereafter was community, to one-half of which she was justly entitled. But it is claimed by appellant that he offered to show, but was not allowed by the court so to do, that when he married Mrs. Crouch he put into the business $2700 in money, his separate estate. If this had been shown, the $2700 constituted only a charge upon the estate, the revenues arising therefrom being community property. No offer was made to show that said sum was invested in any particular property and the increase therefrom. Under no state of the facts proven or attempted to be proven would such a division be fair and equitable. It is so mani-

festly unfair that from the relation of the parties the presumption is warranted that J. P. Crouch exerted undue influence over his wife which caused her to acquiesce for the time in the result. Their interests in the property were diverse. He manipulated the whole affair in so far as she was concerned, she having no one to represent her in the division.

It is insisted that as Mrs. Crouch accepted service of the motion of J. P. Crouch to have the court make the award the judgment of the court, and agreed to the adoption of said motion, she can not now be heard to complain. In the case of Fortune vs. Killebrew, 86 Texas, 172, the Supreme Court, speaking through Justice Gaines, makes a distinction between judgments on awards in a suit pending where the interested persons are parties to the litigation, and those where there is no suit pending, and where the court only exercises the statutory authority to enter judgment on the agreement to arbitrate, and says that the jurisdiction of the court in the latter proceeding is special, and that "the power of the court under the statute to enter the judgment originates in the agreement to submit to arbitration, and is confined to the authority to enter the judgment upon the issues submitted and in accordance with the terms of the submission. If there be no agreement binding upon all the parties to the submission, the award is void, and, as we think, any judgment entered upon it must necessarily fall with it."

As before stated, the agreement to arbitrate was the basis for the making the award the judgment of the court. Said agreement provided that the award should be final, and that either party might on motion have it made the judgment of the court. The agreement being a nullity as between the husband and wife, her acceptance of service of the motion gave to the proceedings no greater vitality than without such acceptance, as the court was without power to render judgment on the award against her. Cruger v. McCracken, 87 Texas, 584.

The award was entered as the judgment of the court at the same term it was filed, which was in contravention of the statute which provides for such action at the succeeding term. Alexander v. Witherspoon, 30 Texas, 296. This provision was not waived by the wife's acceptance of service and agreement that it should be adopted.

It is contended that the wife's right to this action was barred, more than two years having elapsed from the entering of said judgment till the bringing of this suit. Mrs. Crouch was laboring under the disability of coverture, and during such disability limitation did not run against her. Snow v. Hawpe, 22 Texas, 168.

Appellant insists that the judgment is an entirety, and if it should be held that Mrs. Crouch was entitled to have it set aside as to her, it was error in the court in holding that it was binding as to the children. The children were all of age and competent to contract. As to them it was competent for J. P. and M. E. Crouch to agree to arbitrate as to their interest in the property and have it set aside to them. There is nothing to show that they were allowed more than they were entitled to, or that any fact existed showing that the award was not fair and equitable as

between the children on the one side and J. P. and M. E. Crouch on the other. Because J. P. Crouch might not be entitled to as much as he thinks in the property left to him and M. E. Crouch, is not sufficient to interfere with the award as to the others.

Again, it is insisted by appellees that the agreement to arbitrate only warranted a division of the property as between J. P. and M. E. Crouch on the one part and the three children on the other. This contention is at least plausible, in view of the fact that Mrs. Crouch was unable to contract in that manner as to a division between herself and husband. A married woman can make, with persons other than her husband, a valid agreement to partition property owned by them jointly, and this can be done by parol, and a fair and equitable division of property made between husband and wife in contemplation of their separation has been upheld, but we know of no case, and none has been cited, that authorizes them to make a division where they are continuing to live together, and no fact or circumstance is stated that would require such for the protection of the rights of either.

The agreement in this case fails to show any necessity for a division of the property between J. P. and M. E. Crouch. Nor is there any fact stated in the trial that shows such necessity. He, under the law, has the management and control of both the community and her separate property, and no reason is shown why a division is desirable.

Believing that the award is separable, and that the judgment rendered in this case is in all things just and equitable, it is affirmed.

*Affirmed.*