SKEEN v. SKEEN. (No. 7666.)

(Court of Civil Appeals of Texas. Dallas.
Dec. 23, 1916.)

1. INSANE PERSONS �köw87—DIVORCE—PROSE-
CUTION BY NEXT FRIEND.

Vernon's Sayles' Ann. Civ. St. 1914, art.
4632, prohibits the granting of a divorce when
either spouse is insane, and, where insanity of
one of the spouses exists, a next friend, inter-
vening during pendency of the insane spouse's
suit for divorce, cannot prosecute it to a termi-
nation.

[Ed. Note.—For other cases, see Insane Per-
sons, Cent. Dig. § 155; Dec. Dig. ⊙ew87.]

2. INSANE PERSONS ⊙ew87 — PARTITION OF
PROPERTY—SUIT BY INSANE WIFE.

In view of the law recognizing the rights
of husband and wife to agree as to the division
of their property when living apart or in view
of a separation, in a wife's suit for divorce, the
court, having jurisdiction of the parties, could
take charge of their property and grant parti-
tion thereof at the instance of the next friend of
the wife, although the wife was insane, so that
divorce could not be granted.

[Ed. Note.—For other cases, see Insane Per-
sons, Cent. Dig. § 155; Dec. Dig. ⊙ew87.]

3. HUSBAND AND WIFE ⊙ew278(1)—DIVISION
OF PROPERTY — AGREEMENT — ENFORCEABLE
CHARACTER.

Where, at the time of a wife's suit for di-
vorce and for division of property, her husband
was not contributing anything to her support,
and for a long time prior thereto each party
had determined not to live together, and an
agreement for division of property was entered
into by them with the authority of each when
the wife was of sound mind, the agreement for
division was enforceable in the suit at instance
of the next friend of the wife, who had become
insane.

[Ed. Note.—For other cases, see Husband and
Wife, Cent. Dig. §§ 1046–1051, 1053; Dec. Dig.
⊙ew278(1).]

4. INSANE PERSONS ⊙ew94(1)—SUIT BY INSANE
WIFE—REPRESENTATION BY NEXT FRIEND.

Where a wife suing for divorce and division
of property became insane, no guardian being
appointed to represent her, it was proper for
her to be represented in her suit by next friend.

[Ed. Note.—For other cases, see Insane Per-
sons, Cent. Dig. § 164; Dec. Dig. ⊙ew94(1).]

Appeal from District Court, Delta County;
A. P. Dohoney, Judge.

Suit for divorce and partition of property
by Susan Skeen against W. E. Skeen, where-
in J. E. Skeen, as next friend of plaintiff,
filed a motion for injunction and judgment
dividing the property. From a judgment sus-
taining defendant's plea in abatement and
dismissing the cause, J. E. Skeen, as next
friend, appeals. Judgment reversed in part,
and case in such respect remanded.

James Patteson, of Cooper, for appellant.
I. B. Lane, of Cooper, for appellee.

RAINEY, C. J. On December 12, 1914,
Susan Skeen brought suit against her hus-
band, W. E. Skeen, for divorce and parti-
tion of their property. On January 18, 1915,
the defendant filed a plea in abatement set-
ting up that plaintiff was insane and could
not prosecute the suit. On the day last men-

tioned the court allowed plaintiff alimony in
the sum of $50 per month. On January 20,
1915, plaintiff and defendant, by their at-
torneys and with their consent, signed and
caused to be filed a written agreement par-
titioning their property. On September 17,
1915, J. E. Skeen, as next friend of plaintiff,
filed in said cause a motion alleging that
just after signing said agreement plaintiff
became insane, and that defendant was col-
lecting the rents from the property so set
apart to plaintiff and asked for an injunction
restraining defendant from such action and
that judgment be entered dividing said prop-
erty as per said agreement, etc. On October
5, 1915, said J. E. Skeen amended the peti-
tion of plaintiff praying for the divorce, set-
ting up the agreement for division of the
property, and prayed for judgment. On Oc-
tober 11, 1915, defendant filed his original
answer, specially excepting to plaintiff's pe-
tition and alleging that plaintiff was insane
and could not maintain the suit. On the
same day the case was tried and defendant's
plea in abatement was sustained and the
cause dismissed, and J. E. Skeen, as next
friend, appeals.

In passing upon the plea in abatement
there were no facts presented other than the
allegations of the pleadings, about which
there seems to be no controversy, except the
defendant contends that Susan Skeen was
insane when the agreement for division of
the property was made, while the plaintiff
contends that at said time she was perfectly
rational. The pleadings of plaintiff show
that in 1903 Susan Skeen became insane and
afterwards in a few months became rational,
and in 1906 she was again insane for a few
months and again became sane, and then in
1909 she was duly adjudged insane by a
court of competent jurisdiction and sent to
the asylum for the insane, where she remain-
ed until about September 10, 1913, when she
became sane and was released from the
asylum and returned to Delta county; that
she was never kept long in the asylum, ex-
cept from 1909 to 1913, as aforesaid, and
that at all other times she would only be in-
sane for a few months at a time; that from
the date of her discharge from the asylum to
February 1, 1915, she was sane and perfectly
in her right mind, then able to contract
At the time of trying this case she was in-
sane and confined in the asylum. The agree-
ment for division of the property was en-
tered into before February 1, 1915, and shows
it to have been filed with the district clerk
of Delta county on January 20, 1915.

[1, 2] On September 17, 1915, J. E. Skeen,
as next friend for Susan Skeen, filed a mo-
tion in the divorce proceeding setting up the
different periods of insanity and the lucid
intervals, and her insanity and confinement
in the asylum at that time, and praying for
judgment of divorce separating Susan and

W. E. Skeen, for a partition of their property as per agreement, and that the injunction thereto granted be perpetuated. Susan Skeen alleged sufficient grounds for divorce, but our statutes on divorce, by amendment to article 4632, provide "that this act shall not apply to any case where either the husband or wife is insane." Vernon's Sayles' Civ. Stats. 1914. This provision prohibits the granting of a divorce when either spouse is insane, and we are of the opinion that a next friend, where insanity of one of the spouses exists, who intervenes during the pending of the suit for divorce, cannot prosecute the suit for divorce to a termination. However, in view of our law recognizing the rights of husband and wife to enter into an agreement for the division of their property when living apart or in view of a separation, and the court having jurisdiction of the parties, we see no reason why the court, as alleged in this proceeding, could not take charge of the property and grant a partition thereof at the instance of the next friend of Susan Skeen, who was insane.

J. E. Skeen, the son, made himself a party as next friend and asked that judgment of partition be granted. But the defendant says the agreement for partition was entered into with the view that a decree of divorce was to be granted, and as no decree of divorce was granted the court did not err in rendering a decree for partition and dismissing the case.

[3] Susan Skeen alleged that W. E. Skeen was not contributing anything to her support, and J. E. Skeen, as next friend, alleged in his plea:

"That at the time of the filing of this suit, and long prior thereto, plaintiff and defendant had each and both determined not to live together in life as husband and wife; that the agreement for division was entered into with the authority and consent of each; and that at the time Susan Skeen was of rational and sound mind."

If these allegations are true, we see no reason why the court below should not have enforced the agreement.

In Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324, in discussing this subject, Mr. Justice Gaines said:

"All deeds for future separation are held to be absolutely void; but where the spouses have already separated, or have determined upon a separation and are in the act of executing it, a conveyance by the husband intended as a provision for the support of the wife will be upheld. In other respects a deed of separation was held void. This was the carefully restricted doctrine at an early day in the English courts, and as so limited it has been universally recognized in the courts of this country. The tendency of the later English cases is to extend to deeds of separation a more liberal support (1 Bishop on Marriage and Divorce, § 634a), while by the weight of authority in the American courts they are held valid in so far as they settle the rights of property between the husband and wife, provided they have been entered into without coercion or other undue influence, and the provisions are just and equitable. (Cit-ing authorities.) In most of the cases cited the only interest in property relinquished by the wife in the agreement was her dower in the husband's lands. But we think that, in a jurisdiction where the spouses hold each an equal interest in the property acquired during marriage, the same principle should apply to deeds of separation which make a partition of the common property. Unless against the policy of the law, and on that account void, there is no difficulty in giving effect to the conveyances in the present case."

In Caffey's v. Caffey's, 12 Tex. Civ. App. 616, 35 S. W. 738, this court adhered to this doctrine; Lightfoot, C. J., rendering the opinion. In the case of Crouch v. Crouch, 30 Tex. Civ. App. 288, 70 S. W. 595, we upheld the same doctrine.

[4] In view of Susan Skeen's condition, it was necessary for her property rights to be protected, and, no guardian being appointed to represent her, it was proper for her to be represented by next friend.

The judgment is reversed as to the action of the court in not passing upon the agreement of division of property, and the case in that respect is remanded.