SKEEN v. SKEEN. (No. 1955.)

(Court of Civil Appeals of Texas. Texarkana. June 20, 1918.)

EVIDENCE ☞444(2) — PAROL EVIDENCE AFFECTING WRITING.

Evidence that written agreement for partition of property, made by the attorneys of the parties to a divorce suit, was not to become binding upon either of the parties unless judgment for divorce was rendered, was not inadmissible, on motion to enforce the agreement after judgment refusing the divorce, as parol testimony varying or contradicting a writing, there being a clear distinction between evidence tending to show when or under what circumstances a writing is to become effective, and that which contradicts the writing itself, evidence of the former character not coming within the general rule excluding parol evidence in conflict with the writing.

Appeal from District Court, Delta County.

Suit for divorce by Susan Skeen against W. E. Skeen, plea in abatement being sustained and divorce denied, wherein during the proceedings written agreement was made by the attorneys providing for division of the community property. On motion by J. E. Skeen, as next friend of Susan Skeen, she being insane, to enforce the agreement for division of property after judgment refusing divorce. From judgment denying the motion, movant appeals. Affirmed.

James Patteson, of Cooper, for appellant. I. B. Lane, of Cooper, and A. P. Park, of Paris, for appellee.

HODGES, J. In December, 1914, Susan Skeen brought suit against her husband, W. E. Skeen, for a divorce and partition of their community property. That suit resulted in a judgment denying the divorce and any division of the property. An appeal was prosecuted to the Court of Civil Appeals for the Fifth Supreme Judicial District, in which the judgment denying the divorce was affirmed, but the case was remanded for the purpose of litigating the right of the appellant to enforce a partition agreement which had been made. The facts are fully stated in the opinion by Chief Justice Rainey, found in 190 S. W. 1118. In a second trial before the court the following facts were developed: In 1909 Susan Skeen was adjudged insane and sent to an asylum for safe-keeping, where she has remained since, except at intervals, when she appeared to have regained her reason, and was permitted to return on a furlough. During a lucid interval in 1914 she filed the suit against her husband for a divorce, and afterward again lost her mind. A plea in abatement was sustained, and the divorce denied, as stated in the opinion above referred to. During the pendency of the divorce proceedings a written agreement was entered into and signed by the attorneys representing the plaintiff and defendant, which provided for a division of the community property. J. E. Skeen, as next friend for his mother, Susan Skeen, filed a motion to enforce that agreement after the judgment refusing the divorce. The court in the trial below found that the agreement was intended by the parties, not as a separation agreement, but to be effective only in case the plaintiff secured a divorce; that in such an event it was to form the basis of a decree of partition, but in the event a divorce was not granted it was to be null and void. The court further concluded that Mrs. Skeen at the time the agreement was made had sufficient mental capacity, but thereafter became insane and was returned to the asylum at Terrell, where she is now confined. The court concluded as a matter of law that the motion for a division of the property according to the terms of the written agreement should be denied, and entered judgment accordingly.

In the course of the trial testimony was admitted showing, in substance, the facts found by the court; that is, that the written agreement for the partition of the property was not to become binding upon either of the parties unless a judgment for a divorce was rendered; otherwise it was to be void. The errors assigned attack the ruling of the court in admitting that testimony, and also challenge the sufficiency of the legal evidence to sustain findings of fact upon which the judgment is based. It is contended that the admission of this evidence violates the rule which forbids the introduction of parol testimony to vary or contradict written instruments. There is a clear distinction between evidence tending to show when or under what circumstances a writing is to become effective, and that which contradicts the writing itself. Evidence of the former character does not come within the general rule which excludes parol evidence when in conflict with a writing. Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 23 Sup. Ct. 189, 47 L. Ed. 261; 10 R. C. L. 1039; 2 Page on Contracts, § 1209.

We are of the opinion that the judgment should be affirmed.