**DODSON et al. v. ISENSEE et al. (No. 217.)**

(Court of Civil Appeals of Texas. Waco. May 7, 1925. Rehearing Denied June 4, 1925.)

1. **Vendor and purchaser** &langle;&rangle;279—In action on one of two vendor's lien notes, wherein plaintiffs claimed priority over second note, held that bank claiming second note was necessary party.

In transferee's action to foreclose vendor's lien note, wherein plaintiffs claimed priority over second note, bank holding second note and claiming title to it was necessary party.

2. **Venue** &langle;&rangle;22(1)—Action to foreclose vendor's lien note held properly brought in county in which party having prior lien resided.

Action on vendor's lien note, praying for foreclosure of lien thereof, was properly brought in county in which party having prior lien on premises resided.

---

3. Venue ⊙=17 — Defendant answering code-fendants' cross-action, without filing plea of privilege, waived original plea of privilege to plaintiff's action.

Where defendant answered cross-actions filed against it by codefendants, and filed cross-action against a codefendant without filing plea of privilege, it thereby waived original plea of privilege against plaintiff's cause of action.

4. Limitation of actions ⊙=73(3)—Statute does not run against wife's right of action for conversion during coverture.

Under Rev. St. art. 5708, limitation does not run against wife's right of action for conversion during her coverture.

5. Bills and notes ⊙=485—Wife not required to deny transfer of note under oath, to recover from bank to which husband delivered it as collateral without her knowledge or consent.

Where husband, without wife's knowledge or consent, indorsed and delivered wife's vendor's lien note to bank to secure his individual debt, wife was not required to deny transfer under oath, under Rev. St. art. 588, nor allege or prove that indorsement was forgery, in order to recover for bank's conversion of note, if bank had knowledge of the facts.

6. Husband and wife ⊙=138(2)—Conversation between plaintiff and her husband, after he delivered plaintiff's note to bank as collateral for his debt, held admissible to show plaintiff's information and absence of consent.

In action against bank for conversion of plaintiff's note, delivered to it by plaintiff's husband as collateral security for his individual debt, wherein bank was claiming that note was transferred by husband as owner, or agent of plaintiff with her consent, plaintiff's testimony as to her conversation with husband shortly after note was left with bank, was admissible to show what information she had and absence of consent.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by D. S. Dodson and others against T. H. Isensee, Mrs. Carmelette Morgan, the Home National Bank, and others, in which the last-named defendants filed cross-actions against each other. Judgment for Mrs. Morgan on her cross-action, and the Home National Bank and Dodson and others appeal. Affirmed.

Love & Rutledge, of Dallas, for appellants.
Spell, Naman & Penland, of Waco, for appellees Morgan. ·
Williamson & McDonnell, of Waco, for other appellees.

BARCUS, J. This suit was instituted by appellants D. S. Dodson and W. N. Orand, in the district court of McLennan county, against George K. McLendon and Harold Shear, citizens of McLennan county, T. H. Isensee, R. Morgan and wife, Mrs. Carmelette Morgan, citizens of Nueces county, C. W. Briscoe, and the Home National Bank, a corporation, of Johnson county. Appellants,

for cause of action, alleged that R. Morgan and wife, in 1918, conveyed a tract of 200 acres of land, fully described, in Nueces county, to C. W. Briscoe, who, as part of the purchase price, executed his two vendor's lien notes for $10,950 each; that they were the owners of the first of said two notes, same having been transferred to them by R. Morgan and wife, and by reason of said transfer same constituted said note a prior lien to the second of said two notes. They alleged further that McLendon and Shear held a first lien against the property to secure the payment of $7,500, and that all the other defendants were claiming some interest in the land. They asked for judgment on their note, together with a foreclosure of their lien.

The Home National Bank filed its plea of privilege to the original petition as filed by Dodson and Orand, and subject thereto filed a cross-action against R. Morgan and wife, claiming that the second of the two notes for $10,950 had been transferred to it, and asking for judgment against Mr. Morgan and his wife, together with a foreclosure of its lien. The defendants McLendon and Shear filed a cross-action against all of the parties, claiming that they had a first lien on the property to secure their notes for $7,500, and asked for judgment foreclosing their lien against all of the parties. The defendant Mrs. Morgan, joined pro forma by her husband, filed a cross-action against the Home National Bank, claiming that the note which the bank held was her separate property, and that the bank had knowingly converted said note to its use and benefit, and asked for judgment for the face of said note against said bank. Mr. Morgan, for answer to the original petition as well as all cross-action, pleaded his discharge in bankruptcy.

The court found the notes of McLendon and Shear were a first and prior lien on the land, and that the note of appellants Dodson and Orand and the note held by the Home National Bank were a second lien, of equal standing, and rendering judgment ordering the property sold, the proceeds to go first to pay the debt of McLendon and Shear and costs of court, and then to pay equally the notes held by Dodson and Orand and the Home National Bank, and from this feature of the judgment Dodson and Orand appealed, but have in this court abandoned their appeal.

The trial court submitted the issues between the Home National Bank and Mrs. Morgan as to the ownership of the note. The jury found that the note belonged to Mrs. Morgan, and that the bank, at the time it obtained same from Mr. Morgan, took it as collateral to secure the indebtedness which Mr. Morgan owed the bank, with the promise on the part of the officers of the

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bank to return the note as soon as the bank examiner had gone, and that the bank knew the note was the property of Mrs. Morgan at said time. There was no controversy raised about the note being worth its face value. Based on the findings of the jury, the trial court entered judgment in favor of Mrs. Morgan against the Home National Bank for the amount of the $10,950 note, with interest from February, 1923, the date the court found the bank had converted same, and from that portion of the judgment the Home National Bank has prosecuted its appeal.

[1-3] Appellant bank presents for review eights points or propositions. By the first, second, and third propositions, it complains of the action of the trial court in overruling its plea of privilege, which it filed to the cause of action as alleged against it by Dodson and Orand. The plea of privilege was not submitted until the cause was tried on its merits, and the court found from the evidence that the plea should be overruled, and also found that the appellant bank, by having answered the cross-actions filed against it by its codefendants, without filing any plea of privilege thereto, had thereby waived its plea of privilege. Manifestly, from the statement of pleadings above made, the bank was not only a proper but a necessary party, and McLendon and Shear, being admittedly residents of McLennan county, suit was properly brought in said county. In addition, the Morgans having filed a cross-action against the bank, and, the bank having answered said cross-actions and in turn filed its cross-action against its codefendant, and did not file any further plea of privilege, it thereby waived its original plea of privilege. Linn Bros. Garage v. Woodville (Tex. Civ. App.) 244 S. W. 642; McClure v. Pair (Tex. Civ. App.) 214 S. W. 683; Carlisle v. Frost-Llewellyn Lumber Co. (Tex. Civ. App.) 196 S. W. 733.

[4] Appellant, by its fourth and sixth propositions, contends that Mrs. Morgan's cross-action for conversion of the note was barred by the 2 years' statute of limitation. The bank obtained possession of the note in January, 1920, and the cross-action by Mrs. Morgan was filed in May, 1924. The pleadings of the Home National Bank, as well as those of Mrs. Morgan, allege that R. Morgan and wife, Carmelette Morgan, the appellees herein, were in 1918, and have been at all times since said date, husband and wife, and living together as such. The bank further alleged that R. Morgan, as agent of his wife and with her consent, had transferred the note to the bank. We think the allegations of the parties as a whole show the coverture of Mrs. Morgan, and, under article 5708 of the Revised Statutes, limitation would not run against her right of recovery for conversion of her note during her coverture. Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025;

Crouch v. Crouch, 30 Tex. Civ. App. 288, 70 S. W. 595; Harrison v. City of Sulphur Springs (Tex. Civ. App.) 50 S. W. 1064; Harry v. Hamilton (Tex. Civ. App.) 154 S. W. 637; Alsup v. Jordan, 69 Tex. 300, 6 S. W. 831, 5 Am. St. Rep. 53. In addition, the trial court found, and said finding is not challenged by appellant, that the Home National Bank did not convert the note in question until in February, 1923, which was only a few months before the cross-action was filed in this cause, by Mrs. Morgan.

[5] By the fifth and seventh propositions, appellant bank complains of the action of the trial court in refusing to instruct a verdict in its favor, because Mrs. Morgan did not deny under oath the validity of the assignment made by Mr. Morgan to the bank, when he delivered the note to the bank as collateral security for the notes which Mr. Morgan owed said bank. Appellant claims that under article 588 of the Revised Statutes, unless the transfer is denied under oath, the assignment must be regarded as fully proved. Mrs. Morgan did not contend that the indorsement by her husband on the note was a forgery. The note on its face was payable to Mr. Morgan, and he in turn had, by a written transfer in 1919, assigned and transferred the note, together with the lien securing same to Mrs. Morgan, which transfer had been duly filed for record in the deed records of Nueces county, where the land was located. He had, without indorsing the note, delivered it to Mrs. Morgan, but same was left in her box in his office, and Mr. Morgan, without Mrs. Morgan's knowledge or consent, took the note and indorsed, assigned, and delivered same to the Home National Bank as collateral security for the debt he individually owed said bank. The issues with reference to whether the bank, at the time it took the note, knew it was Mrs. Morgan's property, and whether it agreed to return same to Mrs. Morgan after the bank examiner had gone, were submitted to the jury, and it found—and their findings are supported by the testimony—said issues in favor of Mrs. Morgan. It was not necessary for her to allege or prove that Mr. Morgan's name was a forgery. If the bank took the note with knowledge of the facts, as found by the jury, and with the agreement to return same to her, she was entitled thereto, regardless of the way same was indorsed. Mayfield Grocer Co. v. Andrew, Price & Co., 43 Tex. Civ. App. 391, 95 S. W. 31.

[6] Appellant, by its eighth proposition, complains of the action of the trial court in permitting Mrs. Morgan to testify to the conversation which she had with her husband shortly after the note was left with the bank, as to where the note was, and why it had been left with the bank. She testified:

"Mr. Morgan told me that he had taken it (the note) to the Home National Bank, that Mr. Long (the president) told him that they

were to have the bank examiners come, and that he would like to have this extra collateral or some extra collateral, and Mr. Morgan took this note without my knowledge. When I discovered it, I demanded that he go and get it, and he told me he would from time to time, and stood me off that way, stating that he would get it. Mr. Morgan told me that Mr. Long wanted this note for the time being, until the examiners had been there." ,

The court, in admitting the testimony, instructed the jury that they should not consider said testimony as proof of the facts stated, or that the facts happened as she said, but only on the question of her knowledge of the facts conveyed to her at the time; and further charged the jury in connection with his main charge as follows:

"Yesterday I allowed Mrs. Morgan to testify to certain statements which she claimed Mr. Morgan made to her concerning the circumstances under which the note in question was delivered to the Home National Bank. In this connection, you are instructed that, if you consider this testimony at all, you can consider it only for the purpose of determining the information, if any, possessed by Mrs. Morgan at that time, and you cannot consider it for the purpose of determining the terms of the agreement, if any, made between Mr. Morgan and the bank, at the time the note was delivered to the bank."

We do not think there was any error on the part of the court in admitting the testimony, with the limitation placed thereon by the court. The bank was claiming that the note had been transferred to it by Mr. Morgan as the owner or as the agent of and with Mrs. Morgan's knowledge and consent, and claiming Mrs. Morgan was estopped by the action of her husband. She had a right to testify to what had been told her by Mr. Morgan as to why and under what conditions he left the note at the bank, in order to show what information she had, and that it was not left there with her permission.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.