**JONES et al. v. STATE. (No. 901–4787.)**

Commission of Appeals of Texas, Section B. May 9, 1928.

1. Appeal and error ⬉365(1)—That Supreme Court, in granting writ of error, indicated particular point which challenged its attention, did not preclude consideration of other error assignments.

The fact that the Supreme Court, in granting a writ of error, had indicated a particular point in the holding which challenged its attention, did not preclude consideration of other assignments of error.

2. Taxation ⬉866—As regards inheritance tax, wife's taking one-half of community property on husband's death is not the taking by an heir.

As regards inheritance tax, wife's taking of her one-half of the community property on husband's death is not the taking by an heir, since

she takes it as owner in her own separate right after dissolution of marriage by husband's death.

**3. Taxation** ⚖➔878(1)—**Husband's will, giving wife community property in lieu of dower, passes no property subject to inheritance tax, where bequest does not exceed wife's community interest (Inheritance Tax Act [Vernon's Ann. Civ. St. 1925, art. 7117]).**

Will of husband, giving wife certain part of community property, which she accepts in lieu of dower does not pass any property to her so as to be taxable within Inheritance Tax Act (Vernon's Ann. Civ. St. 1925, art. 7117), where property given is not more than wife's share of the community property, since it operates only as an effective partition of the community property after husband's death.

**4. Partition** ⚖➔9(1)—**Partition deed or agreement does not pass title.**

A partition deed or agreement does not pass title.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by the State against J. M. Jones and others. A judgment for defendants was, on appeal, reversed, and judgment rendered by the Court of Civil Appeals (290 S. W. 244), and defendants bring error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, for plaintiffs in error.

Dan Moody, formerly Atty. Gen., Ernest May, formerly Asst. Atty. Gen., Paul D. Page, Asst. Atty. Gen., and O. W. McWhorter, of Lubbock, for the State.

SPEER, J. This case involves the validity and construction of our Inheritance Tax Act (Vernon's Ann. Civ. St. 1925, arts. 7117–7144). The state instituted the suit to recover from Florence Jones, surviving widow of E. M. Jones, the tax alleged to be due under the operation of the act upon a devise amounting to a large sum, upon which there was claimed taxes of $3,418.34. The answer attacked the validity of the act, and pleaded generally and specially that the defendant had not received under the will any "free disposal property of the estate of E. M. Jones," that the property devised was community property, and that she had not received in anywise more than her one-half interest therein. The trial court to whom was submitted the case upon an agreed statement of facts entered judgment against the state, and, on appeal, the Court of Civil Appeals for the Seventh District reversed that judgment and rendered judgment for a less amount than that sued for upon the holding that the act was constitutional, and that, under the agreed facts, the state was entitled to recover the tax upon one-half of $172,278

worth of property received by the widow, one-half of which she took as community owner and one-half of which she took through the will. 290 S. W. 244. The Supreme Court granted a writ of error to review the holding in this last particular.

[1] While the fact that the Supreme Court in granting the writ has indicated a particular point which challenged its attention does not at all preclude consideration of other assignments of error, nevertheless in this case we have considered the point upon which the writ was granted, and, being of the opinion a decision of that point finally settles the entire controversy, we have not deemed it necessary to pass upon the constitutionality of the Inheritance Tax Act. Our failure to consider that matter is not to be taken as any indication, however, that we think the act is unconstitutional.

Assuming that the act is constitutional, we will proceed to consider whether or not it authorizes, under the agreed facts, any recovery by the state in this case.

Article 7117 of the statute prescribes:

"All property within the jurisdiction of this state, real or personal, corporate or incorporate, and any interest therein, whether belonging to inhabitants of this state or to persons who are not inhabitants, regardless of whether property is located within or without this state, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other state, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall upon passing to or for the use of any person, corporation or association, be subject to a tax for the benefit of the state's general revenue fund in accordance with the following classifications."

Now it is clearly the intention of the act imposing the tax to operate only with respect to property "which shall pass absolutely or in trust by will" (in this case) and only after the property passes by the instrument, and logically the first inquiry is what, if any, property passed to Mrs. Jones by her husband's will.

The undisputed facts show that the testator died leaving a community estate of the total value of $335,246. The will by its terms devised to the widow certain specific property of value approximately one-half of the total community property. The will contained the following:

"The above bequests are made to my said wife in lieu of her community and dower interest in all other property and with request that she accept the same in lieu of her community and dower interest."

The surviving wife did accept the provisions of the will, and has claimed no other property of the former estate.

Much stress has been laid by counsel for

the state upon the doctrine of election under wills under which rule it is contended the surviving wife, having elected to take under the will, has done so, and will not be heard to dispute her action or to avoid the effect thereof; that by a proper application of the doctrine there has passed by the will the specific devises made. On the other hand, counsel for plaintiffs in error insist the doctrine does not control this case, because she has taken nothing under the will which she would not otherwise have been entitled to take, and therefore there is no equity to estop her.

[2] It cannot be said broadly that the surviving widow has not taken anything under the will which she would not otherwise have received, since she has received specific property under the will, whereas in the absence of the will she would have owned an undivided one-half interest in all the property. But this is of no moment in the consideration, for we have seen that by the terms of the statute before the tax is imposable the property must have passed by the will. We are of the opinion no property passed to the widow by the will in any event. It is undisputed that all of the estate possessed by the testator was community property. As matter of law, the wife was the equal owner in her own right of one-half of that estate. To be sure, their estates existed in common, and during the marriage the common estate was indissoluble, but nevertheless her right, subject to certain statutory control, was the equal of the husband's. Upon the husband's death, the community estate passes, one-half to the widow and one-half to the children (where there are children). But, while this provision of the law is found in our statutes of descent and distribution, nevertheless the wife's taking her one-half of the community is not the taking by an heir. She does not inherit such one-half, but she takes it as owner in her own separate right after the dissolution of the marriage. King v. Morris (Tex. Com. App.) 1 S.W.(2d) 605. So that it is plain, if there had been no will, the surviving widow would not have been taxable for the one-half of the community which she would have taken, because the same would not have passed "by the laws of descent or distribution."

[3, 4] Now if the surviving widow owned in her own right an undivided one-half interest in the community property of herself and husband, then she had title to that extent to such property, and, if the will of deceased did not pass any property to her, clearly she is not taxable. The will did not pass any property whatever to her, because it operated only as an effective partition of the community property after death. A partition deed or agreement does not pass title at all. Indeed it is not within the statute of frauds. It may as well be oral as in writing, all because a partition is not a conveyance of land. Stuart v. Baker, 17 Tex. 417; Gibbons v. Bell, 54 Tex. 417; Shannon v. Taylor, 16 Tex. 413; Cooper v. Austin, 58 Tex. 494; Johnson v. Johnson, 65 Tex. 87; Wardlow v. Miller, 69 Tex. 395, 6 S. W. 292; Cravens v. White, 73 Tex. 577, 11 S. W. 543, 15 Am. St. Rep. 803; Aycock v. Kimbrough, 71 Tex. 330, 12 S. W. 71, 10 Am. St. Rep. 745; Betts v. Simmons (Tex. Civ. App.) 35 S. W. 50; Brown v. Humphrey, 43 Tex. Civ. App. 23, 95 S. W. 23; Cowan v. Brett, 43 Tex. Civ. App. 569, 97 S. W. 330; Crouch v. Crouch, 30 Tex. Civ. App. 288, 70 S. W. 595; Speer's Law Marital Rights, § 166.

Under the undisputed facts, the surviving widow having received no more than her just share of the community property fully owned by her prior to the death of her husband, or if slightly in excess of her one-half, yet not as much as the minimum amount taxable under the act, $25,000, she has received no property through the operation of the will. The only effect of that instrument was to partition the community property between the surviving widow and the other beneficiaries; in other words, to make definite the particular portion of the community property owned by her, and not in anywise to affect, by increasing or diminishing, her estate. This is not the passing of property contemplated by the Inheritance Tax Act. To impose the tax under such circumstances would be to visit the tax upon the real owner whose real right to the property has not been affected one way or the other by the death of a co-owner. It is undisputed that the taxes have been paid upon that portion of the estate received by the others named as devisees who took the testator's one-half of the property.

We therefore recommend that the judgment of the Court of Civil Appeals, wherein it reversed and rendered the judgment of the trial court, be itself reversed, and that the judgment of the trial court be in all respects affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.