MEMORANDUM OPINION 

 
No. 04-06-00068-CV

Minnie Bosquez AGUIRRE and Adam Bosquez ,

Appellants

v.

Martha Lowrie BOSQUEZ, Independent Executrix of the Estate of Ignacio L. Aguirre, Deceased ,

Appellee

From the 218th Judicial District Court, Atascosa County, Texas

Trial Court No. 05-10-0756-CVA

Honorable Donna S. Rayes , Judge Presiding




Opinion by: Catherine Stone , Justice



Sitting: Alma L. López , Chief Justice

 Catherine Stone , Justice

 Sarah B. Duncan , Justice



Delivered and Filed: October 11, 2006



AFFIRMED IN PART AND REVERSED AND REMANDED IN PART

 Minnie Bosquez Aguirre and Adam Bosquez appeal the trial court's grant of a plea in abatement of their case based on a
lack of standing. We affirm in part and reverse and remand in part.



Factual and Procedural Background

 Ignacio L. Aguirre died December 26, 2001, leaving a will which devised nothing to his surviving spouse, Minnie. The
appellee, Martha Lowrie Bosquez, was appointed as the Independent Executrix of the estate, and as the executrix, she filed
an inventory of the estate which listed the real property and the personal property of the community estate at an estimated
value of $20,000 and $6,900, respectively. Ignacio's will was admitted to probate on March 12, 2002; however, neither of
the appellants contested the will. After Ignacio's death, but before his will was admitted to probate, Minnie transferred, by
general warranty deed, her interest in any real property of the community estate to her son, Adam Bosquez.

 Appellants subsequently filed a petition for an accounting and distribution of Ignacio's estate. Martha answered with a
general denial and a plea in abatement claiming appellants lacked standing to file their petition. Appellants requested
discovery; however, Martha filed an objection to any form of discovery. Ultimately, the trial court granted the plea in
abatement as well as Martha's objection to discovery. (1) On appeal, appellants allege: 1) Minnie has standing as an
interested person because she is Ignacio's surviving spouse; 2) Adam has standing as an interested person because he has a
property right in Ignacio's estate; and 3) the trial court erred when it refused to allow appellants to obtain discovery to prove
they were interested persons of Ignacio's estate.

"Interested Party" Standing

 Standing is a necessary element of subject matter jurisdiction and it involves the court's power to hear a case. See Hunt v.
Bass, 664 S.W.2d 323, 324 (Tex. 1984). As a general rule, standing is obtained when a plaintiff can demonstrate a
particular injury distinct from one to that of the general public. Id. "However, the [P]robate [C]ode generally places a
heavier burden on the would-be litigant in probate matters, requiring that the party qualify as an 'interested person.'" A&W
Indus., Inc. v. Day, 977 S.W.2d 738, 741 (Tex. App.-Fort Worth 1998, no pet.) (citing Tex. Prob. Code Ann. §§ 76, 93,
222). The Probate Code defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property
right in, or claim against, the estate being administered...." Tex. Prob. Code Ann. § 3(r) (Vernon 2003). 

Minnie's Standing 

 Minnie claims that the trial court erred in granting Martha's plea because Minnie has standing to demand an accounting as
Ignacio's surviving spouse. We agree. Section 149A provides that "any interested person in the estate may demand an
accounting from the independent executor." Id. § 149A(a) (Vernon 2003). (2) Furthermore, Section 3 makes it clear that
Minnie, as a surviving spouse, is an interested person for purposes of probate. Id. § 3(r). 

 Although Martha does not contest that Minnie was married to Ignacio at the time of his death, she contends that Minnie
lacks standing for several reasons. First, Martha argues that Minnie lacks standing because Ignacio specifically disinherited
Minnie in his will. In the alternative, Martha asserts that Minnie lacks standing because she disposed of any homestead
right she had in the community property by transferring such interest to Adam by a general warranty deed. Next Martha
claims that Minnie had the burden of proof to show she had standing, but because Minnie provided no evidence to the trial
court, she failed to meet her burden. Finally, Martha states that due to Minnie's recent death, any claim she may have had as
a surviving spouse has terminated.

 Martha's argument that Minnie lacks standing because she was disinherited in Ignacio's will is misguided. The plain
language of Section 3 provides that an heir, devisee, OR spouse qualifies as an interested person. Id. § 3(r) (emphasis
added). Heirs are "those persons, including the surviving spouse, who are entitled under the statutes of descent and
distribution to the estate of a decedent who dies intestate." Id. § 3(o). Because Ignacio did not die intestate, Minnie does
not qualify as an "heir." A devisee is one who takes real or personal property pursuant to a testamentary disposition. Id. §
3(h), (o). While Ignacio's decision to disinherit Minnie in his will may not make Minnie a devisee either, it is undisputed
that Minnie was Ignacio's surviving spouse. A surviving spouse is one of the ways to qualify as an interested person under
the Probate Code; therefore, Minnie's ability to qualify as an heir or devisee is irrelevant.

 In Martha's second contention, she claims that Minnie lacks standing because she waived her homestead interest in the
estate by conveying her interest to her son. This argument is also incorrect. Besides being an heir, devisee, or spouse, one
may qualify as an interested person because he has a property right in or a claim against the estate. Id. § 3(r). Thus,
Martha's argument that Minnie lacks a homestead interest in the estate is merely another way of stating that Minnie does not
qualify as an interested person because she has no claim against Ignacio's estate. Our analysis concerning Martha's initial
argument applies here as well. Whether Minnie retained a homestead interest is not the dispositive question; rather, it is
whether she qualifies as an heir, devisee, person with a property right in the estate, or a spouse. Because Minnie qualifies as
Ignacio's surviving spouse, we overrule this argument. Even if Martha's contention were correct, it would still fail because
Minnie transferred only her interest in the real property of the community estate; however, she retained her interest in the
personal property of the community estate. 

 Third, Martha maintains Minnie lacks standing because it was her burden at trial to show standing, yet she provided no
evidence of an interest in the estate. When the issue of standing is unchallenged, a trial court looks solely at the plaintiff's
pleadings; however, when challenged, "the burden of proof is on the person whose interest is challenged to present
sufficient evidence...to prove that he is an interested person." A&W Indus., Inc., 977 S.W.2d at 741. Again, it is undisputed
that Minnie was Ignacio's surviving spouse, and Martha admits to such numerous times. Additionally, Minnie attached
several documents to her response to the plea in abatement which illustrated Minnie's relationship to Ignacio. Minnie
established that she was Ignacio's spouse, and accordingly, her burden of proof was met at the trial court.

 Finally, Martha argues that due to Minnie's recent death, her claims as a surviving spouse are extinguished. The Texas
Rules of Appellate Procedure provide:

If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal,
the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The
appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent
party's name may be used on all papers.



Tex. R. App. P. 7.1.

 Here, Minnie died after the trial court rendered judgment, but before this court disposed of this case on appeal. As a result,
this court's judgment will have the same effect as if Minnie were still alive. See id.

 We conclude that Minnie had standing to demand an accounting of Ignacio's estate pursuant to Section 3(r) of the Probate
Code because she was Ignacio's spouse at the time of his death. The trial court's dismissal of Minnie's claim was erroneous;
thus, the judgment as to Minnie should be reversed and the cause remanded to that court for further proceedings.

Adam's Standing

 Like Minnie, Adam asserts that he qualified as an interested person of Ignacio's estate; however, he claims an interest due
to his property right or claim against the estate which he obtained from Minnie's general warranty deed of her one-half of
the community real property. On the other hand, Martha argues that the general warranty deed did not establish Adam's
status as an interested person. Specifically, Martha contends: 1) Adam was not an heir or devisee of Ignacio, thus he had no
pecuniary interest in Ignacio's estate; and 2) although Adam obtained Minnie's one-half interest in the community real
property, he has no interest in Ignacio's one-half interest, and therefore, he has no interest in Ignacio's estate. 

 We agree with Martha's first contention; Adam is not an heir or devisee of Ignacio. However, Adam never claims to be
either an heir or devisee. Consistent with our analysis concerning Minnie, Section 3(r) provides numerous alternative
means to qualify as an interested person. Id. § 3(r). Adam claims to be an interested person via the last alternative: a person
having a property right in the estate being administered. Id. The question this court must answer is whether Adam has a
property interest or claim to Ignacio's estate due to Minnie's deed of her interest in the community real property. We hold
that Adam is not an interested person.

 An estate is the total property, real and personal, which a decedent owns at death. Black's Law Dictionary 588 (8th ed.
2004). As for the community estate, Minnie "was the equal owner in her own right of one-half of that estate" during the
marriage and at the time of Ignacio's death. Jones v. State, 5 S.W.2d 973, 975 (Tex. Comm'n App. 1928); see also Calvert v.
Fort Worth Nat. Bank, 356 S.W.2d 918, 921 (Tex. 1962); Chadwick v. Bristow, 204 S.W.2d 65 (Tex. Civ. App.-Austin,
1947). Upon a spouse's death, the surviving spouse does not take their own one-half interest in the community estate as an
heir; rather, the surviving spouse is the owner of the one-half interest of the property due to the dissolution of the marriage. 
See id. (Citing King v. Morris, 1 S.W.2d 605 (Tex. Comm'n App. 1928)). As a result, upon Ignacio's death, Minnie could,
and did, convey her community interest to Adam. On the other hand, Ignacio could dispose of his one-half interest through
his will, which he clearly chose to do. As an interested person, Adam must have "some legally ascertained pecuniary
interest, real or prospective, absolute or contingent, which will be impaired or benefitted, or in some manner materially
affected, by the probate [proceeding]." Logan v. Thomason, 202 S.W.2d 212, 215 (1947). Adam has no pecuniary interest
in the other undivided one-half of the community estate. Additionally, Adam fails to explain how Ignacio's choice as to
whom he leaves the property, is a decision which would materially affect Adam's one-half interest. Because Adam does 
not possess a property right in Ignacio's estate, the trial court correctly concluded that Adam lacked standing. Discovery

 In their final issue, appellants complain they had the burden of proof to establish standing and should have been allowed
discovery to fulfill this burden; therefore, the trial court erred by granting Martha's objections to discovery. Because we
have concluded that Minnie has standing under the plain language of Section 3(r), she is entitled to discovery under the
rules of procedure.

 A discovery request must be reasonably tailored to include only issues relevant to the case. In re. Am. Optical Corp., 988
S.W.2d 711, 712 (Tex. 1988). The rules of civil procedure encourage trial courts to limit discovery when "the burden or
expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in
controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed
discovery in resolving the issues." Tex. R. Civ. P. 192.4(b). Trial courts are afforded broad discretion in limiting the scope
of discovery. Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). However, the party resisting discovery
cannot make conclusory allegations that the requested discovery is unduly burdensome. See Garcia v. Peeples, 734 S.W.2d
343, 345 (Tex. 1987). We review a trial court's discovery ruling under an abuse of discretion standard. Gen. Tire,Inc. v.
Kepple, 970 S.W.2d 520, 526 (Tex. 1998). 

 Martha objected that the "discovery cannot possibly be relevant unless and until defendant's plea in abatement [is]
overruled and [appellants] show the Court that...either of them[] have an interest in the estate...." Further, Martha stated
that a response to "discovery would be burdensome on the estate and would deplete the estate and would cause the estate to
incur attorney fees that could not be recovered in the event that [appellants] are unsuccessful in establishing that they have
an interest in the estate." In light of our determination that Minnie has an interest in the estate, these objections are not
valid. However, because we have determined that Adam does not have an interest in the estate, we cannot say the trial court
erred in granting the objections to Adam's discovery requests. We overrule appellants' final issue in part.





Conclusion

 We affirm the trial court's decision that Adam lacked standing to demand an accounting of Ignacio's estate; however, we
reverse the trial court's judgment that Minnie lacked standing and remand the cause for further proceedings consistent with
this opinion. 

 

 Catherine Stone , Justice





1. A plea in abatement is an interlocutory order and is not subject to appeal. Johnson v. Avery, 414 S.W.2d 441, 443 (Tex.
1966). However, standing is an issue concerning subject matter jurisdiction and a plea to the jurisdiction is an appropriate
vehicle used to contest this issue at the trial court. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).
Here, the trial court held that the plea should be granted "being in the nature of a plea in bar" and "it being the intention of
the Court to make this a final and appealable order and judgment." See Black's Law Dictionary 1192 (8th ed. 2004)
(defining a "plea in bar" as one "that seeks to defeat the plaintiff's...action completely and permanently"). Although the plea
at issue is labeled as a plea in abatement, the court may treat the plea in abatement as a plea to the jurisdiction. See Bland
Indep. Sch. Dist., 34 S.W.3d at 552. From the language of the trial court's judgment, we conclude that this is what the trial
court intended here.

2. Section 149A allows an interested person to demand an accounting, and further, it provides that if an executor fails to
comply with the demand, the interested person may compel compliance by an action filed in the appropriate court. Tex.
Prob. Code Ann. § 149A(a), (b) (Vernon 2003).